**Daniel FIGNOLE, Plaintiff,**

v.

**The CURTIS PUBLISHING COMPANY, Defendant.**

United States District Court
S. D. New York.
Nov. 23, 1965.

Ernest R. Latham, Brooklyn, N. Y., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant, Victor M. Earle, III, New York City, of counsel.

McLEAN, District Judge.

This is an action for libel and for invasion of privacy. Federal jurisdiction rests on diversity of citizenship. Defendant moves for summary judgment.

The first count in the complaint is for libel. It is based upon an article by Trevor Armbrister, entitled "Is There Any Hope for Haiti?" published in defendant's magazine, the Saturday Evening Post, on June 15, 1963. The article discussed the turbulent political affairs of that republic. Apropos of possible successors to Francois Duvalier, the present president, the article stated:

> "Who might rule in the wake of Francois Duvalier? A look at the exile leaders is less than reassuring. * * * Former president (for 19 days) Daniel Fignole has great support among the black masses, but he is a demagogue (one 1957 slogan: 'Vote for me and I'll have a white woman in your bed on election night')."

The affidavits disclose the following facts:

Plaintiff is a citizen of Haiti and for some years prior to 1957 he took a prominent part in its politics. He was Minister of Public Health and Education in 1946 and from November 1950 to April 1955 he was a member of the legislature. He held no public office thereafter until May 25, 1957, when he was appointed Provisional President of Haiti, a position which he held only until June 13, 1957, when he was overthrown and forced into exile.

Prior to plaintiff's appointment as Provisional President, Haiti was in a turmoil. A series of general strikes paralyzed the country. The office of president was vacant, and the government was being administered, as far as possible, by a temporary Executive Council. There

were a number of aspirants for the post of president, of whom plaintiff was one. It was the Executive Council that appointed plaintiff provisional president. There was no general election.

Defendant predicates its motion upon New York Times Co. v. Sullivan, 376 U. S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). The nub of the rule there laid down was stated by the Court as follows:

"The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice' —that is, with knowledge that it was false or with reckless disregard of whether it was false or not." (376 U.S. at 279, 84 S.Ct. at 726)

■ Plaintiff did not hold public office at the time of the statement attributed to him in defendant's article. He was therefore not a public official and the conduct attributed to him was not official conduct. He was, however, a candidate for office. He was also a prominent public figure in Haiti. The question is whether the New York Times rule applies to him.

There is no case, as far as either counsel or the court can discover, which decides whether or not the rule is to be applied to public officials, candidates or public figures in foreign countries.

As far as residents of the United States are concerned, no case has thus far extended the rule to candidates for office. In Pauling v. News Syndicate Company, Inc., 335 F.2d 659 (2d Cir. 1964), cert. denied, 379 U.S. 968, 85 S.Ct. 662, 13 L.Ed.2d 561 (1965), the Court of Appeals speculated on this subject and expressed the view that the rule might be so extended. The court's remarks were dicta, however, as the point was not involved in the case before it.

As to public figures, a federal district court has recently held that a well-known advocate of extreme conservative views, who was neither in public office nor a candidate for public office was within the rule.

Walker v. Courier-Journal, 246 F.Supp. 231 (W.D.Ky.1965)

The New York decisions are not in harmony in their attempts to apply this new constitutional principle. The law partner of a public official has been held to be within the rule, on the theory that he was involved in a controversy about an issue of public concern.

Gilberg v. Goffi, 21 A.D.2d 517, 251 N.Y.S.2d 823 ((2d Dept. 1964), aff'd without opin., 15 N.Y.2d 1023, 260 N.Y.S.2d 29, 207 N.E.2d 620 (1965)

On the other hand, the rule does not apply to Jack Dempsey.

Dempsey v. Time, Inc., 43 Misc.2d 754, 252 N.Y.S.2d 186, aff'd. 22 A.D.2d 854, 254 N.Y.S.2d 80 (App.Div. 1st Dept. 1964)

Nor does it apply to a well known radio and television performer.

Faulk v. Aware, Inc., 14 N.Y.2d 954, 253 N.Y.S.2d 990, 202 N.E.2d 372 (1964), cert. denied, 380 U.S. 916, 85 S.Ct. 900, 13 L.Ed.2d 801 (1965)

The law in this area is in a state of flux. Perhaps it will be clarified when the Supreme Court decides Baer v. Rosenblatt, 106 N.H. 26, 203 A.2d 773 (1964), cert. granted, 380 U.S. 941, 85 S.Ct. 1023, 13 L.Ed.2d 961 (1965). In granting certiorari in that case, the Court specifically requested argument on the point.

At the moment, New York Times, which is the only decision binding upon me, does not foreclose this action. In order to grant this motion, it would be necessary to go farther than the Supreme Court has gone to date in holding that, in the absence of actual malice as defined in New York Times, the United States Constitution forbids a state to grant redress under its libel laws to a man who allegedly has been injured by a false defamatory statement.

I am less willing than was the court in Walker v. Courier-Journal, supra, to take this additional step. On the contrary, New York Times, to my mind, indicates that it should not be taken. The rationale

of that decision appears to be that since a public official enjoys a privilege, either absolute or qualified, against liability for libelous statements which he makes in the course of his official duties, so a critic of a public official's conduct should possess an equal privilege.

"It would give public servants an unjustified preference over the public they serve, if critics of official conduct did not have a fair equivalent of the immunity granted to the officials themselves." (376 U.S. at 282–283, 84 S.Ct. at 727)

If this is the basis of the New York Times rule, then there is no reason to grant immunity to critics of mere candidates for office or of public figures in general, for the candidates and the miscellaneous public figures possess no corresponding immunity for their own defamatory utterances. On the facts of the present case, therefore, and on the present state of the law, I hold that defendant is not entitled to a dismissal of the libel count.

Moreover, wholly apart from the foregoing, there is also a question here as to whether actual malice exists within the meaning of the New York Times rule. The only evidence we have is contained in the deposition of Armbrister, the author of the article. His testimony is that he was told by an official of the State Department that plaintiff had used the slogan attributed to him in the article. The official had no personal knowledge of whether plaintiff had or not. She told Armbrister that she believed that there was a written record to this effect in the State Department files. He asked her to look for it. She did look and later advised Armbrister that she could not find any such record. Armbrister then tried to inquire about this matter from another newspaper man, but he was unable to reach his colleague and never discussed it with him. Thereupon, without any confirmation of the remark of the State Department official, he proceeded to write and publish the article.

Whether or not the slogan attributed to plaintiff is true, of course, cannot be decided upon this motion. If it is false, we have a case in which conflicting inferences could be drawn as to whether or not Armbrister acted in reckless disregard of whether the article was false or not. In such circumstances, summary judgment should not be granted.

Empire Electronics Co. v. United States, 311 F.2d 175 (2d Cir. 1962)

Defendant's motion with respect to the first count is therefore denied.

The second count is another matter. That seeks damages for alleged violation of Section 51 of the New York Civil Rights Law, McKinney's Consol. Laws, c. 6, the so-called right of privacy statute, which gives a right of action to a person whose name has been used without his consent "for advertising purposes or for the purposes of trade."

Assuming, without deciding, that the circulation of defendant's magazine in New York is sufficient to enable plaintiff, a citizen of Haiti only temporarily sojourning in New York, to maintain an action against a Pennsylvania corporation for violation of this statute, it is clear, under the New York decisions, that the use of plaintiff's name here was neither for advertising purposes nor for purposes of trade within the meaning of the statute. The article is a newsworthy account of conditions in Haiti. It is of considerable current interest. The reference to plaintiff is contained in one sentence out of 3½ pages of print. Such a fleeting and incidental use of plaintiff's name is not actionable under Section 51.

University of Notre Dame du Lac v. Twentieth Century-Fox Film Corp., 22 A.D.2d 452, 256 N.Y.S.2d 301 (1st Dept.), aff'd, 15 N.Y.2d 940, 259 N.Y. S.2d 832, 207 N.E.2d 508 (1965)

And this is particularly the case where the use is in an article which has legitimate news interest.

Molony v. Boy Comics Publishers, Inc., 277 App.Div. 166, 98 N.Y.S.2d 119 (1st Dept. 1950)

See Sarat Lahiri v. Daily Mirror, Inc., 162 Misc. 776, 295 N.Y.S. 382 (Sup. Ct.1937) and cases therein cited.

Any lack of truth in this incidental reference is not in itself enough to bring the case within the statute.

Koussevitzky v. Allen, Towne & Heath, Inc., 188 Misc. 479, 68 N.Y.S.2d 779 (Sup.Ct.), aff'd, 272 App.Div. 759, 69 N.Y.S.2d 432 (1st Dept. 1947) (per curiam)

Molony v. Boy Comics Publishers, Inc., supra

Plaintiff has an adequate remedy in his action for libel.

Defendant's motion for summary judgment as to the second count is therefore granted.

So ordered.