WILLIAM A. ZECK et al., Individually and as Copartners Doing Business under the Name of MAYER, ZECK & PRIER, Plaintiffs, *v.* AL SPIRO et al., Doing Business as ROCKLAND BROADCASTERS, et al., Defendants.

Supreme Court, Special Term, New York County, December 30, 1966.

*Paul, Weiss, Rifkind, Wharton & Harrison (Edward N. Costikyan* and *Allan A. Tuttle* of counsel), for plaintiffs. *Coudert Brothers (Carleton G. Eldridge, Jr.,* and *Gordon T. King* of counsel), for defendants.

GEORGE TILZER, J. Defendants move for dismissal of the amended complaint for legal insufficiency. Plaintiffs are engaged in the practice of law. They contend they were libeled when in a radiocast it was said:

"The cost and scope of the Rockland County Sewer District went up again this week. * * * Although the total cost is up to twenty-three million dollars plus, County officials maintain that the unit cost per home owner remains the same as it was in 1963. * * * The cost of the legal counsel for the County sewer district is also about to be raised. William Zeck, the former Rockland County Democratic Committee Chairman, who campaigned arduously for the sewer district, states his law firm wants one percent of the actual cost of the sewer district, not one percent of the estimated cost as originally contracted for. * * * The contract between the agency and the law firm of William Zeck is to be amended to give Zeck's firm 1% of the actual cost of the district. Instead of an expected $100,000, the firm will receive $230,000 as it now stands. If the actual cost of the program increases it seems the firm would get more. $230,000 seems like an awful lot of money to have to pay out for legal services for the County Sewer District legal work, especially with the county attorneys office with several assistants in actuality. * * * We think the $230,000 figure may not be the ultimate figure. An instance of foregoing of extra legal fees on a sewer matter can be pointed out. In the Town of Ramapo, there are no legal fees going to attorneys on the town's lateral sewer district. The Town Attorney's office will handle this work. Yet in Clarkstown, the lateral sewer districts each have an assigned attorney drawing a special legal fee.

"WRKL labels this practice 'Porkbarrel'.

"The policy of the County Sewer Commission and the County Board of Supervisors in relation to the County Sewer Counsel and the policy in Clarkstown in relation to special legal fees should be inspected by the public closely.

"What are we getting for these high legal fees and what are they really worth? Most important of all, are they really necessary?"

The alleged libel cannot be construed to mean that plaintiffs ignored the district's interest with respect to the legal representation of the district. The rendition of such services by these

plaintiffs was said to be unnecessary and the reasonableness of the fee was questioned. It cannot be said that such charge imputes fraud or dishonesty or incompetence. However, it is urged that violation of a public trust is charged by alleged disgraceful and unseemly political deal as a political pay-off for political activity. On this question, as well as upon any claim of fair comment, plaintiffs are entitled to maintain the action. To the extent fair comment is a qualified privilege, the affidavit submitted on plaintiffs' behalf is sufficient prima facie to sustain the complaint allegation of malice.

There remains the question whether dismissal is in order pursuant to *New York Times Co.* v. *Sullivan* (376 U. S. 254). Fair comment is permissible as to a matter of public interest. The *Times* case is concerned with individuals in public life. While a matter of public interest was the concern of the defendants, the plaintiffs are not public officials (*Afro-American Pub. Co.* v. *Jaffe*, 366 F. 2d 649). There the court stated (p. 661): "On balance, the court does not think the public interest privilege should be expanded by permitting libel of a private individual, on the ground of alleged public interest in the news item that defames him, because he is unable to establish pecuniary damage." (See, also, *Rosenblatt* v. *Baer*, 383 U. S. 75; *Fignole* v. *Curtis Pub. Co.*, 247 F. Supp. 595.)

The article complained of does not touch plaintiffs as parties engaged in a public controversy or as employees having control over governmental affairs. The motion is denied.