## No. 21776.

BERNICE M. NORDSTROM *v.* BYRON W. HANSFORD, AS COM-
MISSIONER OF EDUCATION OF THE STATE OF COLORADO;
SCHOOL DISTRICT NO. 8, IN THE COUNTY OF EL PASO AND
STATE OF COLORADO; AND DEAN FLEISCHAUER.

(435 P.2d 397)

Decided December 26, 1967.     Rehearing denied January 15, 1968.

YOUNG AND YOUNG, for plaintiff in error.

HORN, ANDERSON & JOHNSON, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS writ of error is directed to a judgment of the district court of El Paso County affirming the dismissal of Bernice Nordstrom, a teacher under tenure, by the School Board of District No. 8 in the county and by the Colorado Commissioner of Education.

Mrs. Nordstrom was a teacher of seventeen years experience, holding a Master of Arts degree in Education. She had taught for six years in School District No. 8, and by reason of that service was entitled to permanent appointment unless discharged for good cause pursuant to the Teacher Tenure Act of Colorado, C.R.S. 1963, 123-18-1 to 9, inclusive.

In the summer of 1963 the superintendent of schools for the district sought termination of Mrs. Nordstrom's employment as a teacher and sent a letter to that effect to the district school board. He set forth six charges against the plaintiff. A copy of the letter and charges were mailed to Mrs. Nordstrom, and a hearing was afforded her, all as provided by pertinent statute, C.R.S. 1963, 123-18-7. The three-member panel which convened

as provided in the statute and before whom testimony was adduced in an effort to support the charges, found that the evidence was insufficient to substantiate the allegations made against Mrs. Nordstrom. Thereafter, the school board, after reviewing the transcript of the testimony before the "hearings panel," ruled that the "panel had acted arbitrarily and with abuse of discretion"; it rejected the panel's determination. The board ordered Mrs. Nordstrom's contract cancelled, whereupon Mrs. Nordstrom appealed the decision to the Colorado Commissioner of Education pursuant to C.R.S. 1963, 123-18-7 (5) (g). He affirmed the dismissal.

Mrs. Nordstrom brought action in the district court in the nature of certiorari to review the proceedings before the panel, the school board, and the commissioner of education. The district court found that the school board and the commissioner had comp'ied with the statutory requirements for discharge of Mrs. Nordstrom and that the commissioner of education "did not exceed its [sic] jurisdiction or its [sic] discretion." Judgment was, accordingly, entered in favor of the board and against Mrs. Nordstrom.

In her summary of argument, Mrs. Nordstrom urges three grounds for reversal:

I. The "panel hearing" provisions of the statute, C.R.S. 1963, 123-18-7 (5), is unconstitutional.

II. If constitutional, the statutory procedure was nevertheless "flagrantly disregarded."

III. The evidence wholly fails to support the charges.

I.

In the matter of the provision for the appointment of a panel to hear the testimony concerning the specifications of charges against a teacher, suffice it to say that the statute does not offend against section 35, Article V of the Colorado constitution. The General Assembly has not delegated to a special commission (in this case the panel) the functions of the school district (which we have, of course, many times described as being a

municipal or quasi-municipal corporation). Plaintiff's argument is wide of its mark: she fails to recognize that the panel has not been delegated any powers whatsoever. It merely conducts the hearing which is transcribed for the school board which by law is the agency empowered to accept or reject the recommendation of the panel. The "municipal function" *i.e.*, whether the teacher's contract should be cancelled, abides in the school board, the duly constituted authority. No cases are cited by plaintiff, and we in our research have found none to support her assertion that the procedure involving a hearing before a panel of three is an unconstitutional delegation of a municipal function to a special commission.

## II.

■ Mrs. Nordstrom contends that if the statutory procedure for the convening of a panel of three is constitutional, the naming of the panel in this instance was not done according to the statute. A review of the procedure used in this case indicates that the statute was violated and the panel was not duly constituted. Mrs. Nordstrom, according to the procedure, named her panel member and transmitted his name to the board. However, the selection of the second panel member, which by law is to be made by the board, was, in fact, made by the superintendent of schools. (As to the illegality of a school board's duties being exercised by others, see *Big Sandy School District v. Carroll,* 164 Colo. 173, 433 P.2d 325.) The two panel members then designated a third. The member ostensibly representing the board, being illegally appointed, his participation in the selection of the third member was tainted with his own disqualification. We call attention to the procedure that was used in this case only to indicate our disapproval of it and to be sure that there be no similar violations of the statute in the future. Nevertheless, we hold that there could be no different result than the one which we determine, even if a rehearing was granted under a

duly constituted panel, so it would be a useless and meaningless procedure involving an inordinate waste of time and further delay to remand this action back for further hearing before another panel.

### III.

This brings us to a determination of the third and controlling argument — that the evidence did not support the charges against Mrs. Nordstrom.

■ We find that the record is wholly insufficient to sustain her discharge. The superintendent's charges against Mrs. Nordstrom were parenthetically designated by him as: 1. neglect of duty; 2. incompetency; 3. insubordination. The superintendent charged in specification 3 "that Mrs. Nordstrom physically manhandled *students* in her classroom [incompetency] on a *number of occasions*" and in 4 "that Mrs..Nordstrom physically manhandled *students* in her classroom even though action of this sort is definitely against the stated school board policies [insubordination]."

As has been stated, the panel found that there was no evidence to support these or any other charges. The school board, rejecting the panel's determination, ordered Mrs. Nordstrom's discharge on the following grounds: 1. Mrs. Nordstrom's testimony showed she "deliberately violated" the rules of the school board for School District No. 8 concerning corporal punishment; 2. Mrs. Nordstrom's testimony showed that she had a class of problem children, hard to manage; 3. Mrs. Nordstrom's testimony impugned "the financial integrity of the school district."

Grounds 2 and 3, upon which the board relied for dismissal, bear no relationship to any of the charges filed against Mrs. Nordstrom. At the time of the hearing she did not know of and was not required to meet any such charges, and we find no authority in the law warranting a teacher's discharge on such grounds.

As to the first ground which the school board relies upon as justifying Mrs. Nordstrom's dismissal, there was

no evidence in the record that the school board had passed any rule or regulation which Mrs. Nordstrom had violated. The specification of charges against Mrs. Nordstrom was "the manhandling of students against *stated school policies.*" Introduced into evidence was a booklet containing the following:

" '*Colorado School Law permits reasonable · corporal punishment.*' It is difficult to determine what is meant by 'reasonable.' Corporal punishment shall be administered only as a last resort and shall be done so in the building principal's office by, or witnessed by, the principal. Regardless of this policy, in view of the attitudes of many parents and courts, it is dangerous to administer such punishment. When the action of a child seems to warrant such punishment, a conference of the teacher, parent, and principal should be held to discuss the action and the consequences of any possible recurrence of this action."

It was nowhere established that the matters and things contained in the booklet were regularly enacted as rules by the school board. The "foreword" in the booklet is signed by Dean Fleischauer, Superintendent. The foreword states, among other things, that, "the purpose of this booklet is to provide each faculty member a brief summary of the Main School Board and administrative policies."

It is axiomatic that the burden of proof was upon those making the charge against the teacher. First of all it was required that there be proof of the school board rule and, secondly, that Mrs. Nordstrom *deliberately* violated a rule of the board. Such proof was lacking. An admission by Mrs. Nordstrom that she had slapped a girl who wouldn't keep quiet was the only testimony on the subject. Such does not substantiate a charge of "manhandling *students* on several occasions." Nor does the occurrence of an incident substantiate a charge of insubordination or wilful violation of a board rule on which the board relies for its decision.

The judgment of the trial court affirming the cancellation of Mrs. Nordstrom's contract is reversed. The matter is remanded to the district court with directions to enter an order setting aside the school board's cancellation of Mrs. Nordstrom's contract and to order the school board to reinstate her as of the date of the discharge with full tenure privileges.

MR. JUSTICE KELLEY specially concurring.

MR. JUSTICE MCWILLIAMS dissenting.

MR. JUSTICE MCWILLIAMS dissenting:

I respectfully dissent. The majority hold that Mrs. Nordstrom was unlawfully discharged by the School Board of School District No. 8. In thus holding the majority have decreed, in effect, that in the absence of any mitigation of damages Mrs. Nordstrom is now entitled to the tidy sum of approximately $35,000, which represents about 4½ years back pay, as well as winning reinstatement to her former position as a 3rd grade teacher in the elementary schools of El Paso County. I dissent from this disposition of the case and would therefore affirm the judgment of the trial court.

In my view of the matter the record simply does *not* justify the several conclusions reached by the majority. In short, the majority hold that there is *no* evidence in the record that the School District had officially promulgated any rule or regulation concerning the use of corporal punishment by teachers, and furthermore that even if there were evidence of such a rule, there is still *no* evidence that Mrs. Nordstrom violated the rule. I disagree with both of these conclusions and it seems to me that the majority are merely substituting their judgment for that of the School Board.

I concede that the record does not contain any certified copy of the minutes of the School Board showing the formal adoption by the School Board of a resolution

concerning the use of corporal punishment by teachers on unruly pupils. But that is not the only manner in which a rule or regulation of a School Board may be shown. In the instant case, the secretary of the School Board testified, without objection, that the board had adopted certain rules and regulations which were in printed form and which had been given every teacher in the system. Then, from a document which was described by the witness as being the "Rules and Regulations for School District No. 8 Personnel," dated April 1, 1961, the secretary of the School Board proceeded to read into the record, again without objection, the particular rule concerning the use of corporal punishment. I feel that most certainly this is at least a *prima facie* showing that the School District did have a rule on the use of corporal punishment.

I also disagree with the conclusion that there is no evidence that Mrs. Nordstrom ever violated the rule regarding the use of corporal punishment. The rule, incidentally, required that corporal punishment be inflicted only after a conference with the principal and with the principal himself thereafter either administering the corporal punishment, or witnessing the administration thereof.

Corporal punishment is defined in *Black's Law Dictionary,* the deluxe Fourth Edition, as the infliction of "any kind of punishment on the body." Is there evidence in the record that Mrs. Nordstrom inflicted any kind of bodily punishment on her pupils? A bit of background material will perhaps set in context the evidence bearing on this particular point.

Mrs. Nordstrom admitted that she had a very difficult time maintaining discipline in her 3rd grade class. According to her, it seemed that most of the school's disciplinary problems were concentrated in her classroom. In any event, to hear her tell it, these eight year old youngsters were running wild in her classroom. It was in this general setting, then, that she admitted that

on occasion she most certainly had "shaken" a pupil and "set him down in his seat."

The principal testified that he had received numerous complaints from parents that their children had been slapped by Mrs. Nordstrom. The parents of one child, claiming that their child had been slapped by Mrs. Nordstrom on several occasions, asked for and received a conference with the principal and Mrs. Nordstrom. Mrs. Nordstrom at this conference, and also in her testimony before the panel, very frankly admitted that she had slapped this particular child, a young girl, in the face.

I am of the view that evidence of the type that I have just summarized, although not overwhelming in nature, nevertheless does support the conclusion of the School Board that Mrs. Nordstrom violated the rule regarding corporal punishment. We are not here concerned with the wisdom of the School Board's decision to lay down rules and regulations restricting the use of corporal punishment. No doubt there are those who are of the view that the teacher in the classroom should be permitted the unrestricted use of corporal punishment. On the other side of the coin, School Districts in order to protect themselves from countless claims may well want to lay down rules and regulations regarding use thereof. In either event, such was a matter for the School Board.

The majority seem to draw some distinction between "manhandling" and "slapping." Both constitute a "laying on" of the hands, and the fact that the superintendent charged manhandling and proved a slapping is not a fatal variance as far as I'm concerned.

Also, the majority appear to attach some significance to the fact that the superintendent charged several incidents of physical abuse and only proved one. To me the important issue is not *how many* slappings were established, but whether *any* were shown. And Mrs.

 

Nordstrom freely admitted that she struck an eight year old girl in the face.

Under the circumstances, then, I would not disturb the action taken by the School Board and would affirm the judgment of the trial court upholding the School Board.