490 P.2d 315 (1971)
SCHOOL DISTRICT NO. FIFTY OF ADAMS COUNTY, State of Colorado, Plaintiff in Error,
v.
Lottie E. WITTHAUS, Defendant in Error.
No. 71-259. (Supreme Court No. 24386.)
Colorado Court of Appeals, Div. II.
August 24, 1971.
Rehearing Denied September 28, 1971.
Certiorari Denied November 22, 1971.
*316 William Pehr, Westminster, for plaintiff in error.
Richard D. Lamm, Denver, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was transferred from the Supreme Court pursuant to statute.
This case involves dismissal of a school teacher by a school district and subsequent order by the district court reinstating the teacher, from which order the school district has appealed.
The facts are these. Plaintiff, Lottie Witthaus, was a high school teacher employed by the defendant, School District No. Fifty. On March 23, 1967, plaintiff's principal sent a letter to the board recommending plaintiff's dismissal. On March 28, 1967, the board decided to entertain the charges and sent a letter to plaintiff informing her of this fact.
Plaintiff requested a 3-member review panel be established pursuant to C.R.S. 1963, 123-18-7(5), to hold hearings on these charges. The panel was established and held a hearing May 10, 1967. On May 23, 1967, a report was filed with the board recommending plaintiff's dismissal. The board agreed with this report and terminated plaintiff's employment.
Plaintiff then appealed to the district court, alleging several errors in the board's action. Trial was held in June 1969, at the conclusion of which the district court entered judgment in favor of plaintiff, remanded the cause back to the board, and ordered that plaintiff be reinstated as a teacher. Defendant has appealed.
The crux of the matter concerns the proper procedure to be followed in the dismissal of a teacher. When informed that charges are made, a teacher has the right to request that a review panel be established to hold hearings on the substance of the charges. Once the panel is established, evidence proving the charges must be presented and the teacher must be given an opportunity to rebut and offer evidence in her own behalf. At the conclusion of such hearings, C.R.S.1963, 123-18-7(5) (f), provides:
"The panel shall report its findings and conclusions to the members of the board or committee. The board or committee shall then make decision with regard to the recommendations of the panel. If the decision of the panel is confirmed by the board or committee, such conclusion shall not be set aside except for fraud, abuse of discretion, or violation of any law."
The record reveals that an extensive hearing was held on plaintiff's competency by the review panel. The report of the hearing made to the board consisted of statements by two of the three members of the panel. One member stated:
"I would uphold Mr. Critchfield's tenure termination of Mrs. Lottie Witthaus.
I would like to suggest that Mrs. Witthaus be given the opportunity to resign."
The second member of this panel stated:
"I would affirm the school board's action and agree with Mrs. June's recommendation."
*317 The third panel member made no statement.
Based upon these statements, the defendant terminated plaintiff's employment. The trial court found that this termination was in violation of C.R.S.1963, 123-18-7.
It is not within the authority of the reviewing panel to terminate a teacher's employment. The sole function of such panel is to review the evidence presented, make findings and conclusions and report the same to the board, so that it may make proper disposition of the particular case. The duties of the board are to receive the report of the findings and conclusions made, and then make an independent evaluation of the proper course of action to take, either concurring with or rejecting the panel's recommendations.
The authority to dismiss a teacher rests with the school board by statute, C.R.S.1963, 123-18-7, and it may not delegate this power to another body. Nordstrom v. Hansford, 164 Colo. 398, 435 P.2d 397. In this instance, however, it is apparent from the record that no independent judgment by the defendant was exercised. The brief cursory report of the reviewing panel merely states a conclusion that plaintiff's employment should be terminated. The facts, evidence and findings used to reach such a conclusion are absent. The board merely gave formal ratification to the panel's recommendations. The statute itself requires that the board reach an independent conclusion as to the validity of the panel's recommendations based upon a review of the panel's findings. Without such findings, it would be impossible for the board to make an independent judgment as to the validity of the recommendations made.
Since the board failed to comply with the proper procedural steps in terminating the employment of the plaintiff, its action in terminating plaintiff's employment was a nullity.
We affirm the decision of the trial court, and order that this cause be remanded to the trial court. Since the order of the trial court was not specific as to the date of reinstatement, we direct that the board be directed to reinstate plaintiff as of the date of her abortive termination.
Judgment affirmed.
DWYER and PIERCE, JJ., concur.