522 P.2d 137 (1974)
Richard MERRITT, Plaintiff-Appellant,
v.
CONSOLIDATED SCHOOL DISTRICT NO. 8 IN AND FOR RIO GRANDE COUNTY, State of Colorado, et al., Defendants-Appellees.
No. 72-352.
Colorado Court of Appeals, Div. I.
February 13, 1974.
Rehearing Denied March 19, 1974.
Certiorari Denied June 3, 1974.
*138 Hobbs & Waldbaum, Larry F. Hobbs, Denver, for plaintiff-appellant.
Robert W. Ogburn, Eugene L. Farish, Monte Vista, for defendants-appellees.
Not Selected for Official Publication.
*139 RULAND, Judge.
Plaintiff, a non-tenure teacher, appeals from judgments of the district court dismissing his original and amended complaints against the defendants (the Board). Both complaints were in response to his suspension as a teacher and subsequent action terminating his teaching position with Consolidated School District No. 8.
The only issue for our determination is whether the original and amended complaints state a claim for relief. We are governed in this case by two basic principles. First, if a claim for relief appears in any way from the allegations made, the motion to dismiss must be denied. Kubal v. Jackson, 119 Colo. 390, 203 P.2d 737. Second, the material allegations of the complaints must be taken as admitted. Cook v. Denver, 128 Colo. 578, 265 P.2d 700; Millard v. Smith, 30 Colo.App. 466, 495 P.2d 234.
In both complaints, plaintiff alleged the following events in connection with plaintiff's suspension and termination. The superintendent for Consolidated School District No. 8 filed charges with the Board seeking dismissal of plaintiff from his teaching and assistant principal assignments pursuant to the applicable provision of the Teacher Employment, Dismissal and Tenure Act, 1967 Perm.Supp., C.R.S.1963, XXX-XX-XX. References to this Act will be to section numbers.
Pursuant to sections 123-18-11 and 123-18-17(2) of the Act, the Board "accepted" the charges for review, and a three man panel was selected to hear the charges. The charges against plaintiff were delineated by the panel as follows: (1) Plaintiff concocted stories that Spanish surnamed persons tried to and did harm him; (2) these stories were intended to and did increase tension in the school and harmed race relations; (3) plaintiff's actions were highly inimical to the health, safety, and morale of the students; and (4) this conduct demonstrated an immature and callous indifference to the interests of the public school system.
After a three day hearing, the panel issued lengthy findings of fact, conclusions, and recommendation. Two members of the panel found that plaintiff was successful in disproving the charges, and they recommended that plaintiff be retained. The third member dissented stating only that he disagreed with the majority's findings, conclusions, and recommendation.
In acting on the panel's recommendation, the Board entered its order, which in pertinent part is as follows:
"The Board of Education reluctantly accepts the recommendation of the majority of a three man panel constituted to hear the above-captioned matter. Even though the Board of Education agrees with the interpretation of . . . [the] dissenting opinion concerning the findings of fact, conclusions, and overall conduct of the panel hearing, it feels that it would be in the interest of the School District to avoid the expenses of further litigation . . . . Rather than relying solely on their own personal feelings, the Superintendent and members of the Board of Education have interviewed teachers and administrators at the Monte Vista High School to ascertain their opinions."
The results of the poll referred to were included in the order and a majority of those interviewed indicated that in their opinion plaintiff would not be effective if he returned to the classroom and that if he returned, the turmoil of the previous fall would resume. The order contained no indication as to the reasons for the opinions expressed by those polled, nor how and under what circumstances the opinion poll was conducted. The Board's order concludes as follows:
"In light of all the circumstances of this case . . . the Board . . . accepts the panel recommendation in regard to retaining Mr. Merritt and agrees to retain him for the duration of his contract . . . but in the interests of the students, faculty, other employees, as well as community at large, the Board *140 suspends . . . [plaintiff] for the balance of the 1971-1972 school contract period with pay."
Pursuant to section 123-18-10 of the Act, the Board thereafter gave written notice to plaintiff as a non-tenure teacher that he would not be reemployed for the following school year. The original and amended complaints challenge both plaintiff's suspension and the action of the Board in not reemploying plaintiff for the next school year.

I

The Original Complaint
In the original complaint, plaintiff alleged three claims for relief. Following the trial court's order of dismissal on all claims of the original complaint, plaintiff filed a motion pursuant to C.R.C.P. 54(b) requesting that the court enter a final judgment as to the first claim of the original complaint. Plaintiff also filed an amended complaint which alleged in revised form the other claims of the original complaint. Pursuant to plaintiff's motion, the trial court entered a final judgment on the first claim of the original complaint, and plaintiff appeals from that judgment. We reverse.
In the first claim of the original complaint, after alleging the events surrounding plaintiff's suspension, plaintiff alleged that: (1) The Board exceeded the authority granted under section 123-18-17(10) of the Act by its suspension of plaintiff for the remainder of the school year; (2) the Board violated section 123-18-17(10) in making an independent investigation following the hearing held by the panel and in reviewing only a portion of the record before the panel; and (3) the Board acted arbitrarily and capriciously in suspending plaintiff.
In support of the trial court's order of dismissal, the Board argues that plaintiff was the successful party in the dismissal proceedings because, even though he was suspended, he was suspended with pay and, therefore, in effect retained. Therefore, the Board contends there was nothing for the trial court to review. We disagree.
Section 123-18-17(11) does not limit review by the trial court to cases in which the Board orders a dismissal. This section provides for judicial review pursuant to C.R.S.1963, 3-16-5(5), which authorizes review of the Board's action if the teacher has been "adversely affected or aggrieved".
The manner in which the results of the opinion poll are recorded in the Board's order may be construed to raise adverse inferences regarding plaintiff's character, professional integrity, and ability. Plaintiff alleges in his complaint that there is no evidence to support these conclusions, and plaintiff also alleges irreparable injury as a result of the suspension. Such allegations are sufficient for plaintiff to be considered an aggrieved party and thus eligible to seek judicial review of the suspension.
The question then becomes whether plaintiff's allegations would support a finding that the Board failed to comply with section 123-18-17 in entering the order of suspension.
Plaintiff alleges that the order of suspension exceeds the authority granted the Board by section 123-18-17(10). This section provides that the Board shall review the findings of fact and recommendation of the panel and then: (1) Dismiss the teacher; (2) retain the teacher, or (3) place the teacher on one year's probation. Plaintiff contends that suspending a teacher with pay does not comply with any of the alternatives which the statute authorizes the Board to follow. We disagree. There is no requirement in the statute that to be retained, a teacher must be returned to the classroom. This part of the first claim was therefore properly dismissed.
Plaintiff next alleges that the Board violated the statute in basing its decision upon evidence other than the record of testimony before the panel. We agree *141 that this allegation states a claim for relief pursuant to 1969 Perm.Supp., C.R.S.1963, 3-16-5.
Section 123-18-17(10) requires that the Board review the panel's findings of fact and recommendation. The Board is obligated to exercise independent judgment in determining a proper course of action. School District No. 50 v. Witthaus, 30 Colo.App. 41, 490 P.2d 315. However, there is neither express nor implied statutory authority for the Board to consider new evidence (in this case, the results of the opinion poll) without providing the teacher an opportunity to appear and present witnesses, confront, and cross-examine adverse witnesses.
As indicated by the teacher's right to select one of the panel members, and the right of the teacher to appear, present witnesses, and cross-examine adverse witnesses, the intent of section 123-18-17 is to provide the teacher a fair evidentiary hearing relative to the charges of dismissal. The statute requires that a transcript and record of all evidence received by the panel be made, obviously for the purpose of review by the Board and by a court. To sanction the Board's action in conducting an opinion poll without observing the safeguards guaranteed to the teacher at the panel hearing would be to subvert the statutory scheme. As with all governmental agencies charged with responsibility for adjudicating important rights, the Board must base its conclusions upon the charges made and the evidence taken at the hearing. See Nordstrom v. Hansford, 164 Colo. 398, 435 P.2d 397; Colorado State Board of Nurse Examiners v. Hohu, 129 Colo. 195, 268 P.2d 401; Puncec v. Denver, 28 Colo.App. 542, 475 P.2d 359.
Plaintiff next alleges that the Board violated section 123-18-17(10) in reviewing only portions of the record of the proceedings before the panel. Inasmuch as the Board adopted the recommendation of the panel to retain plaintiff, we conclude this allegation fails to state a claim since the recommendation of the panel was favorable to plaintiff.

II

Amended Complaint
In the amended complaint, plaintiff did not assert the allegations made in the original complaint relative to the actions of the Board in considering the opinion poll.

A. The First Claim
In the first claim, plaintiff alleges that the order of suspension breached his teaching contract and deprived him of the statutory right to acquire tenure and the right to practice his profession. Plaintiff then alleges that as a direct, proximate, and foreseeable result of the breach, his employment record shows a gap in professional service, attaching a stigma to his professional reputation and impairing his earning capacity, including his freedom to compete for other comparable positions. On the basis of this pleading, plaintiff requested that the court award damages.
The first claim premised upon the allegation that the order of suspension "deprived plaintiff of a statutory right to acquire tenure" fails to state a claim for relief. Prior to acquisition of tenure, section 123-18-10 of the Act authorizes the Board to discharge a teacher merely by notice that he will not be reemployed. See Draper v. School District No. 1, 175 Colo. 216, 486 P.2d 1048. It was not the order of suspension which terminated plaintiff's employment. Rather, it was the statutory notice issued by the Board that plaintiff would not be employed for the next school year, and the Board's power to issue the notice is a limitation upon any statutory right to acquire tenure.
Assuming, without deciding, that the Board's failure to follow proper procedure in entering the suspension order constituted a breach of contract, plaintiff's allegations in this regard fail to state a *142 claim which would authorize an award of damages. Under the circumstances as alleged, the measure of damages to a teacher would be the salary due through the end of the academic year which plaintiff received. See Robb v. School District No. RE 50(J), 28 Colo.App. 453, 475 P.2d 30.

B. The Second Claim
In the second claim for relief, plaintiff incorporated by reference the allegations of the first claim. Plaintiff then alleged that he was suspended based upon a charge of dishonesty without written notice or hearing in violation of his right to due process as guaranteed by the U.S.Const. Amend. XIV and Colo.Const. Art. II, sec. 3. According to plaintiff, the charge of dishonesty and resulting suspension imposed a stigma foreclosing his freedom to take advantage of other employment opportunities. Plaintiff therefore requested that the trial court enter an order expunging from the Board's records the order of suspension.
Plaintiff concedes that proper notice was given and a fair hearing provided before the panel. Assuming the Board suspended plaintiff on a charge of dishonesty, based upon the record made before the panel, then the question becomes whether the Board is bound by the panel's findings. We conclude the Board is not bound by these findings. Since the Board is charged with exercising its independent judgment as to a proper disposition following the panel's hearing, School District No. 50 v. Witthaus, supra, it must follow that the Board under section 123-18-17(10) has the authority to review the entire record and to make additional or different findings of fact if such findings are supported by substantial evidence. See 1969 Perm. Supp., C.R.S.1963, 3-16-5(7); Nordstrom v. Hansford, supra. Therefore, even construing the Board's order to support plaintiff's allegation that he was suspended based upon a charge of dishonesty, since plaintiff was afforded a full and fair hearing before the panel, and since there is no allegation that the Board relied upon evidence other than that presented to the panel relative to the dishonesty issue, plaintiff's second claim fails to state a claim for relief.

C. The Third Claim
In the third claim, plaintiff incorporated by reference the allegations of the first and second claims. Plaintiff then alleges that the action of the Board in giving plaintiff notice that he would not be reemployed for the following school year deprived plaintiff of a valuable property right, i. e., a continuous contract to teach for an indefinite term. Plaintiff alleges that this action was taken without the opportunity for a full and fair hearing, even though plaintiff was charged with dishonesty, and this action constitutes a stigma foreclosing plaintiff's freedom to take advantage of other employment opportunities and a violation of his right to due process of law as guaranteed by the U.S.Const. Amend. XIV and Colo.Const. Art. II, sec. 25. On the basis of these allegations, plaintiff requested reinstatement without loss of pay and tenure rights.
In support of the third claim, plaintiff cites Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, and Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515, for the proposition that when an individual's reputation for integrity is called into question by governmental action, notice and an opportunity to refute the charges and clear his name are essential. However, reviewing the allegations of the third claim as a whole, including the allegations incorporated by reference, the only charge of dishonesty alleged is the charge that was made before the panel. Yet plaintiff concedes that he was afforded a full and fair hearing on this charge before the panel and was successful in disputing the charge. Since there is no allegation that the Board relied upon a new or different charge of dishonesty, the third claim for relief fails to state a claim. Absent an allegation that the *143 Board asserted or relied upon a charge of dishonesty different from that presented before the panel, plaintiff's right, as a non-tenure teacher, to teach under section 123-18-10 is subject to the Board's power to terminate the teacher at the end of the contract year with or without cause, by giving the notice specified. See Draper v. School District No. 1, supra; Nagy v. School District No. 28(J), 31 Colo.App. 45, 500 P.2d 987.
The trial court's judgment dismissing the amended complaint is affirmed. The trial court's judgment dismissing the first claim of the original complaint is reversed, and the cause remanded with directions to reinstate the first claim of the original complaint and for further proceedings thereon not inconsistent with the views herein expressed.
SILVERSTEIN, C. J., and ENOCH, J., concur.