570 P.2d 19 (1977)
DEXTER LEWIS ROBERTSON, Plaintiff-Appellant,
v.
BOARD OF EDUCATION, OTIS SCHOOL DISTRICT R-3, Defendant-Appellee.
No. 76-692.
Colorado Court of Appeals, Division II.
June 30, 1977.
Rehearing Denied July 28, 1977.
Certiorari Denied October 3, 1977.
*21 Joseph P. Jenkins, P. C., Estes Park, for plaintiff-appellant.
Reese Miller, Denver, for defendant-appellee.
ENOCH, Judge.
Plaintiff, Dexter Lewis Robertson, a tenured teacher, appeals a judgment upholding his dismissal by the defendant, Board of Education, Otis School District R-3. We affirm.
Following plaintiff's suspension on May 17, 1974, the superintendent of the school district, on May 21, filed with the school board eleven charges of misconduct against plaintiff. See § 22-63-117(2), C.R.S.1973. Pursuant to § 22-63-117(5), C.R.S.1973, a three-man panel was duly appointed to consider the charges, and that panel held a lengthy recorded public hearing on August 8, 1974. See § 22-63-117(8), C.R.S.1973.
On the evening of September 9, 1974, the panel members met at one member's home, and discussed the evidence. Each member also expressed opinions as to the charges. The next day, a public hearing was held during which each charge, except one dismissed at the hearing, was read and then voted upon by the panel members. The panel members voted to sustain six of the charges, and voted to recommend that plaintiff be dismissed. The charges which were upheld by the panel asserted that plaintiff failed, on several occasions, to turn in tests as required, failed to prepare and submit lesson plans as required, failed to arrive on time at certain classes and meetings, failed to comply with rules and directives relating to student money-making projects, failed to grade and record grades as required, and failed on four specified dates to comply with rules and directives regarding leave and absence from duties.
Subsequently, the school board, at a regular meeting, voted to accept the panel's findings and recommendation, and accordingly, it dismissed plaintiff as a teacher. See § 22-63-117(10), C.R.S.1973. The district court, acting on plaintiff's complaint for judicial review, see § 22-63-117(11), C.R.S.1973, upheld the dismissal.
Plaintiff first argues that because he had been suspended and then reinstated prior to the suspension of May 17, 1974, events occurring prior to the first suspension could not be used as a basis for a subsequent dismissal. We disagree.
The first suspension, on April 30, 1974, was with pay, and, according to the suspension letter from the superintendent, was "without prejudice or other implication. . . pending an administrative review of seventeen days of absences." Plaintiff was then asked to document the reasons for four of these absences, and after supplying the requested information, he was reinstated on May 6, 1974.
There is no evidence in the record that the suspension of April 30, or the subsequent reinstatement, was intended as an adjudication on the merits of any charge against plaintiff, or that it was a disciplinary action by the superintendent. Therefore, the board was not precluded from taking further action against plaintiff, based in part on incidents investigated in conjunction with plaintiff's first suspension. See Knoll v. School District No. 10 R-Joint, 154 Colo. 323, 390 P.2d 310. See also Dugan v. Bollman, 31 Colo.App. 261, 502 P.2d 1131.
Plaintiff also contends that because the board had earlier reprimanded him for violating the board rules and directives relating to money-making projects, and then had *22 declared the matter closed, this charge could not be considered in voting to dismiss him.
While we agree that the prior reprimand may have precluded the board from dismissing plaintiff on this ground alone, this incident, along with numerous other incidents alleged, was a proper factor for both the panel and board to consider in deciding if plaintiff should be dismissed. Rather than being irrelevant, a history of prior disciplinary measures has probative value in deciding whether dismissal for cause is warranted.
Plaintiff also asserts that the evidence in the record fails to support the findings of the panel. This argument is without merit. Though plaintiff did present explanations of the alleged violations, much of the evidence against him was not contradicted, and there is sufficient evidence in the record to support the findings of the panel, which were adopted by the board. Accordingly, these findings will not be disturbed on review. Board of County Commissioners v. Simmons, 177 Colo. 347, 494 P.2d 85.
Plaintiff further contends that even if the charges were proven, the misconduct alleged was too insubstantial to warrant dismissal of a tenured teacher. Again, we disagree.
The grounds for dismissal of a tenured teacher are set forth in § 22-63-116, C.R.S.1973, and include, inter alia, incompetence, neglect of duty, and insubordination. While it is true that isolated technical and trivial violations of school board policies and directives could not support dismissal of a tenured teacher, see Lassner v. Civil Service Commission, 177 Colo. 257, 493 P.2d 1087; Nordstrom v. Hansford, 164 Colo. 398, 435 P.2d 397, the misconduct found here was sufficient to support a conclusion that plaintiff had neglected his duties as a teacher and had been insubordinate to a degree that would warrant his dismissal.
Plaintiff also claims that the recommendations of the panel were a nullity because the panel met in violation of the Colorado Public Meetings Law, § 29-9-101, C.R.S. 1973, which statute provides:
(1) All meetings of any board, commission, committee, or authority of a political subdivision of the state supported by law in its activities in whole or in part with public funds are declared to be public meetings and open to the public at all times; except that such groups, by majority consent of members present, may go into executive session for consideration of documents or testimony given in confidence but shall not make final policy decisions nor shall any resolution, rule, ordinance, regulation, or formal action or any action approving a contract or calling for the payment of money be adopted or approved at any session which is closed to the general public.
(2) Any action taken contrary to the provisions of subsection (1) of this section shall be null and void and without force or effect.
In view of the types of actions which the quoted statute prohibits from being taken in private meetings, and the specific delineations of § 22-63-117, C.R.S.1973, as to which proceedings of the panel must take place in public meetings, we find no violation of either statute.
The duties of the panel are limited to reviewing the evidence presented, making findings, making a recommendation to retain or dismiss, and reporting the same to the board. School District No. 50 v. Witthaus, 30 Colo.App. 41, 490 P.2d 315. Here, review of evidence by the panel required no final policy decision, nor did it involve the adoption or approval of any resolution, rule, ordinance, regulation, or formal action, all of which would be prohibited by the Public Meetings Law. Section 29-9-101, C.R.S. 1973. Therefore, permitting a review of the evidence in a closed meeting does not run counter to the Public Meetings Law.
Section 22-63-117, C.R.S.1973, expressly requires that the hearing at which evidence is taken by the panel be open to the public unless either the teacher or board requests a private hearing. Section 22-63-117(6),
*23 C.R.S.1973. Furthermore, regardless of whether or not the hearing is open to the public, the panel must adopt its findings and recommendations in an open session, and it did so here. Section 22-63-117(6) & (8), C.R.S.1973. In contrast, there is no equivalent requirement in § 22-63-117, C.R.S.1973, that the panel's review of the evidence occur at a public meeting.
Also, the trial court found, after hearing testimony of the panel members, that no final decisions had been made in the non-public meeting. Thus, the "rubber-stamping" of decisions made in a private meeting which was condemned in Bagby v. School District No. 1, 186 Colo. 428, 528 P.2d 1299, is not present here. Hence, we conclude that the non-public meeting of the panel to "review the evidence and testimony" which was received at a prior public hearing was not a violation of either §§ 29-9-101 or XX-XX-XXX, C.R.S.1973.
Plaintiff next argues that the panel failed to make explicit findings of fact as required by § 22-63-117(8), C.R.S.1973. We do not agree.
The findings of the panel consisted of a recitation of each charge against plaintiff, followed by a recording of the panel vote on that charge. If the charges had been made in general conclusory terms there might be some merit to plaintiff's contention. However, the specificity of the charges, coupled with the votes taken, clearly reveals the specific facts which the panel found had been established by the evidence. Therefore, the findings were sufficient for presentation to and independent consideration by the board, see § 22-63-117(10), C.R.S. 1973, and for judicial review. Cf. School District No. 50 v. Witthaus, supra.
Plaintiff also asserts that the trial court erroneously refused to allow him to amend his complaint, four days before trial, to include the claim that the board failed to exercise its independent judgment and merely approved the inadequate findings and recommendation of the panel.
The court refused to allow the amendment on the grounds that the untimely amendment would require taking additional testimony on an issue not anticipated by defendant, and would unduly delay resolution of the case which had been on the docket for over one year.
Plaintiff claims that, inasmuch as the error alleged appears from the record, no further evidence would have been required, and the court therefore abused its discretion by not allowing further amendment of the complaint pursuant to C.R.C.P. 15.
To the extent plaintiff is relying on the existing record, no error appears. We have already determined that the findings of the panel were sufficient. Furthermore, no irregularity in the action of the board appears from the minutes of the meeting where the findings and recommendation of the panel were accepted, and the vote ordering plaintiff's dismissal was taken.
There is a presumption of regularity as to the actions of public officials, Public Utilities Commission v. District Court, 163 Colo. 462, 431 P.2d 773, and plaintiff had the burden of establishing that the board acted improperly. Because no defect appears in the record, plaintiff has failed to establish that the board improperly reviewed the panel's findings and recommendations.
Therefore it would have been necessary for plaintiff to present additional testimony on this issue to the trial court in order to reveal an irregularity, if any existed, in the board's action. We find no abuse of the court's discretion under C.R.C.P. 15 in refusing to allow this amendment just before trial. See Conyers v. Lee, 32 Colo. App. 337, 511 P.2d 506.
Plaintiff further claims that as a result of his dismissal he was deprived of a valuable property right without due process of law. However, plaintiff does not contest the constitutionality of the statutory procedure for dismissal, and since we have found that the panel and board adhered to that *24 procedure, there has been no violation of plaintiff's due process rights.
Judgment affirmed.
SMITH and STERNBERG, JJ., concur.