600 P.2d 105 (1979)
Felix CORDOVA, Plaintiff-Appellant,
v.
Max LARA, Stanley Holman, Fred Gibson, Virgil Valdez, Greg Bahr, and James Claunch, members of the Board of Education of North Conejos School District No. RE-1-J, State of Colorado, Defendants-Appellees.
No. 78-394.
Colorado Court of Appeals, Div. I.
May 24, 1979.
Rehearing Denied July 5, 1979.
Certiorari Denied September 17, 1979.
*106 Dennis E. Valentine, Englewood, for plaintiff-appellant.
Pound & Lucero, Carlos F. Lucero, Alamosa, for defendants-appellees.
COYTE, Judge.
Plaintiff appeals from a judgment affirming his dismissal as a tenured teacher. We reverse.
Charges against plaintiff were filed with the Board of Education of Conejos School District No. RE-1J. A fact-finding panel was designated and a lengthy evidentiary hearing was held in accordance with § 22-63-117, C.R.S.1973. The majority of the three-member panel issued detailed findings of fact analyzing the evidence with respect to each charge, concluded that the school district had failed to demonstrate that plaintiff was incompetent or had neglected his duties as a teacher, and recommended that plaintiff be retained as a teacher. This report contained no derogatory findings.
One member of the panel submitted minority report which analyzed the evidence with respect to each charge and concluded that plaintiff was incompetent in the performance of his duties and recommended he not be retained. Upon receipt of the reports, the board found that:
"[E]ach member of the board has had an opportunity to review the written record of the hearing held ... and has concluded that the `Findings of Fact, Conclusions and Recommendations' of the majority members of the panel are in error in numerous conclusions ...."
It then adopted the minority report prepared by one member of the panel and voted unanimously to dismiss the plaintiff.
Plaintiff filed this action in the district court, which affirmed the decision of the school board. On appeal he contends that *107 the board had no authority to reject the majority panel members' findings of evidentiary facts and to adopt the minority findings, and that the board based its decision in part on evidence it acquired outside the hearing process.
Section 22-63-117(8), C.R.S.1973, requires the panel to make written findings of fact and recommend either retention or termination of the teacher. The board is then required to review the panel's findings of fact, and conclude from the findings whether the teacher should be retained, discharged, or placed on one-year probation. Section 22-63-117(10), C.R.S.1973.
The members of the school board testified in the district court as to why they voted for discharge of the teacher. This testimony revealed that many of the board members sat through panel hearings, heard the evidence, and voted because of conclusions drawn from this evidence; other board members were influenced by the recommendations of the school staff. Consideration of this information was improper.
As stated in Blair v. Lovett, Colo., 582 P.2d 668, the Teacher Employment, Dismissal, and Tenure Act of 1967 is designed to furnish:
"substantial protection for the academic freedom of teachers who have achieved tenured status. A primary facet of that protection is the availability at the teacher's request, of an evidentiary hearing panel chosen in a manner designed to ensure its neutrality. No doubt the General Assembly recognized that the initial fact-finding procedure is the foundation on which all later administrative procedure and judicial review must depend. A neutral fact-finding panel should be able to review the evidence objectively and make fact findings on which to base its recommendation regarding the teacher's dismissal or retention...."
"Were we to hold that the board of education can disregard the panel's findings of fact and substitute its own, a significant portion, if not all, of the insulative protection afforded by an impartial hearing panel would be lost."
"Moreover, having actually heard the testimony, the panel is in a better position than the board to evaluate the weight and credibility of witnesses and other evidence."
The board contends that they had a choice between accepting either the majority report of the panel or the minority report. We disagree.
While the minority report expresses the findings of one member of the panel, it cannot be considered as a report of the panel so as to enable the board to adopt the minority report and then act thereon. The report of the panel is and must be the report of the majority of the panel, and the findings of the majority of the panel are the findings of the panel that are binding on the board.
As stated in Lovett, supra:
"[T]he panel's findings of `basic,' or evidentiary, facts, if supported by competent evidence, are binding on the board of education. The board may not disregard those findings nor substitute its own findings."
On the basis of the evidentiary facts found by the panel, the board is free to reach its own conclusion as to the retention or dismissal of the teacher. Lovett, supra. However, here there were no evidentiary facts found by the panel which would justify the discharge of the teacher. Hence, the board had no alternative but to retain the teacher.
Judgment reversed and cause remanded to the district court for further proceedings not inconsistent with the views expressed in this opinion.
VAN CISE and STERNBERG, JJ., concur.