**Mary Ann HUDSON, Plaintiff-Appellee,**

v.

**BOARD OF EDUCATION, HUERFANO SCHOOL DISTRICT RE–1, Defendant-Appellant.**

**No. 80CA0754.**

Colorado Court of Appeals, Div. III.

Oct. 14, 1982.

Law Offices of Larry F. Hobbs, Larry F. Hobbs, William P. Bethke, Denver, for plaintiff-appellee.

Gary E. Hanisch, Walsenburg, for defendant-appellant.

TURSI, Judge.

Defendant, Board of Education of Huerfano School District RE–1 (Board), appeals the order of the district court reinstating plaintiff, Mary Ann Hudson, to her tenured teaching position with back pay and benefits. We affirm.

In April 1978, the superintendent of the school district recommended that Hudson be dismissed, claiming that certain alleged tardiness constituted neglect of duty, insubordination, and other good and just cause. In accordance with the Teacher Employment, Dismissal, and Tenure Act, § 22–63–101, et seq., C.R.S.1973, (the Act) the charges were presented to a hearing panel constituted pursuant to § 22–63–117(5), C.R.S.1973.[1]

Based on the evidence, the majority of the panel found: (1) that the alleged tardiness relied upon by the superintendent was excused or excusable, (2) that there was no evidence that Hudson had neglected any

---

1. Under § 22–63–117(5) and (8), C.R.S.1973 (1981 Cum.Supp.) such hearings are now conducted before a hearing officer.

duties, (3) that there was no evidence that she had been insubordinate, and (4) that no other good and just cause required her dismissal. The majority of the panel recommended her retention.

The report, a reporter's transcript of the proceeding, and exhibits and briefs of counsel were transmitted to the Board. The Board then met in executive session with the superintendent and directed that additional inquiries be drafted by the superintendent and counsel for the school district. The full panel did not meet to consider these inquiries, and there is conflicting evidence as to why they did not do so. The sole response was from the minority member of the panel. The Board then dismissed Hudson.

Hudson requested judicial review pursuant to § 22–63–117(11), C.R.S.1973.[2]

The trial court, based on the record and oral arguments, found that the panel selection and the actions of the panel were proper and within its statutory jurisdiction; that the majority's evidentiary findings of fact were supported by competent evidence in the record and were not erroneous; that the majority's findings were sufficiently specific to enable defendant to make its decision to retain, suspend, or dismiss without the use of additional inquiries; that the findings neither justify nor support a determination that plaintiff neglected her duty, was insubordinate, or that any good and just cause existed to dismiss her; that the decision to dismiss was not supported by the majority's findings nor by the evidence in the record; and that the Board's actions were arbitrary, capricious, and an abuse of discretion. The trial court concluded as a matter of law that the Board's dismissal of plaintiff violated her rights under the Act.

### I

■ Contrary to the Board's contention, the court properly limited its review to the majority report of the panel, the reporter's transcript of the panel proceeding, and the exhibits and briefs of counsel. By the terms and intent of § 22–63–117, C.R.S. 1973, the panel alone had "basic" or evidentiary fact-finding authority, and, if supported by competent evidence, these evidentiary findings of fact are binding on the board. *Blair v. Lovett,* 196 Colo. 118, 582 P.2d 668 (1978). Moreover, when there is a divided vote, the majority speaks for the panel.

■ Issuance of specific interrogatories, drafted at the Board's insistence by the attorney who prosecuted the matter before the panel, constituted a coercive intrusion by the Board into the independent evidentiary fact-finding function of the panel in violation of the spirit of the Act, and was an improper insinuation of counsel into the Board's deliberations. *See Weissman v. Board of Education,* 190 Colo. 414, 547 P.2d 1267 (1976).

■ If a Board is unable to reach a decision based upon the "basic" findings of fact in the report, the Board's proper remedy is to remand that report to the panel for clarification. *Blair v. Lovett, supra; Ricci v. Davis,* 627 P.2d 1111 (Colo.1981). If a Board does not choose to remand, as here, then the panel's majority report is binding upon it as to the factual basis from which to exercise its discretion under the Act. *Cordova v. Lara,* 42 Colo.App. 483, 600 P.2d 105 (1979). Thus, the trial court's reliance on the majority report was proper.

### II

■ Further, the Board claims that the trial court's review of the record was erroneous and improper. We disagree. The Act provides that the standard for judicial review of a Board action shall be pursuant to the State Administrative Procedure Act, § 24–4–106(7), C.R.S.1973. That standard is:

"If the court finds no error, it shall affirm the agency action. If it finds that the agency action is arbitrary or capri-

2. Under § 22–63–117(11), C.R.S.1973 (1981 Cum.Supp.) review no proceeds by direct appeal to this court.

cious, a denial of statutory right, contrary to constitutional right, power, privilege, or immunity, in excess of statutory jurisdiction, authority, purposes, or limitations, not in accord with the procedures or procedural limitations of this article or as otherwise required by law, an abuse or clearly unwarranted exercise of discretion, based upon findings of fact that are clearly erroneous on the whole record, unsupported by substantial evidence when the record is considered as a whole, or otherwise contrary to law, then the court shall hold unlawful and set aside the agency action . . . ."

Subsection (7) further provides that the court shall review the whole record and determine all questions of law. Here, the trial court conducted a full review of the record, made determinations of all questions of law, and concluded that the Board had abused its discretion. We agree with the trial court.

Judgment affirmed.

BERMAN and KIRSHBAUM, JJ., concur.