**Charlotte NORTON, Petitioner,**

v.

**BOARD OF EDUCATION OF JEFFERSON COUNTY SCHOOLS, Respondent.**

No. 85CA1046.

Colorado Court of Appeals, Div. I.

Aug. 20, 1987.

Rehearing Denied Sept. 17, 1987.

Certiorari Denied Jan. 11, 1988.

Hobbs/Bethke & Associates, Larry F. Hobbs, William P. Bethke, Denver, for petitioner.

Caplan and Ernest, Gerald A. Caplan, Alexander Halpern, Boulder, for respondent.

PIERCE, Judge.

Charlotte Norton seeks review of an order of the Board of Education of the Jefferson County Schools (Board) dismissing her as a tenured teacher. We affirm.

Numerous charges concerning her performance as a teacher were filed against petitioner by the Board. A hearing officer was designated, and an evidentiary hearing was held. At the conclusion of the hearing, the hearing officer made numerous findings of fact and conclusions and dismissed many of the charges. However, she did find that petitioner had, on several occasions, provided alcohol to underaged students. She further found that petitioner had various students perform personal errands for her during school hours. Based on these findings, the hearing officer concluded that petitioner's actions constituted immorality and neglect of duty in violation of § 22-63-116, C.R.S. (1986 Cum. Supp.) of the Teacher Employment, Dismissal, and Tenure Act (Tenure Act), and that her conduct constituted grounds for dismissal pursuant to that section.

Prior to entering her recommendation to the Board of Education, the hearing officer noted, on the basis of considerable testimony, that petitioner had an excellent past teaching record, and stated her belief that petitioner was a very capable instructor. She further stated that, based on all the evidence, she believed petitioner had learned from her mistakes and that probation would provide petitioner with an opportunity to demonstrate improved judgment. However, after concluding that the Tenure Act allowed only a recommendation of either retention or dismissal, the hearing officer determined that the seriousness of the alcohol-related incidents warranted a recommendation of dismissal. She so recommended, but she noted that had probation been a viable option to her under the Tenure Act, she would have recommended that remedy.

Thereafter, the Board of Education reviewed the petitioner's case and determined that the hearing officer's findings were supported by the record. The Board also concluded that petitioner was guilty of immorality and neglect of duty, and further found that grounds for dismissal were warranted. The Board then voted on these findings and conclusions, and adopted them by resolution before addressing the issue of the appropriate disposition of petitioner's case.

Prior to arriving at a disposition, the Board elected to allow public comment on the question of aggravation or mitigation. Five members of the community expressed their views. Four of these speakers argued in favor of petitioner's dismissal,

while one urged the Board to retain her. The Board then voted four to one in favor of dismissal.

## I.

■ Petitioner first contends that the Board erred in allowing public comment prior to the ultimate disposition of her case. We agree. However, based on the circumstances of this case, we decline to reverse the decision of the Board on this basis.

The record shows that of the five speakers, four commented generally on their dissatisfaction with providing alcohol to underaged students and the need for a firm stance on the issue. The remaining speaker was a fellow teacher who had worked with petitioner for many years. After commenting on petitioner's teaching abilities and good character, the fellow teacher urged the Board to retain her.

We expressly disapprove of the consideration of public comment by persons acting in an adjudicatory capacity. There is an obvious danger in allowing commentary by persons who are unfamiliar with the facts contained in the record. We acknowledge that Board of Education members are officials elected by the public to act in accordance with community sentiment; however, officials acting in an adjudicatory capacity are called upon to exercise their independent judgments in making appropriate decisions based upon evidence adduced from properly conducted proceedings. These hearings are designed to protect the rights of all those involved by assuring the orderly presentation of all competent, relevant evidence necessary to the appropriate disposition of the case. Any public comment bearing a proper nexus to the pertinent issues involved is better received under such procedures designed to safeguard the rights of those involved.

Here, however, the record shows that the Board took added precautions to preserve petitioner's rights. Prior to hearing any comment, the Board concluded that the hearing officer's findings of fact were sup-ported by the record, and therefore, the Board voted to adopt them. The Board also voted on and adopted the conclusion that petitioner was guilty of the charges and that adequate grounds existed for her dismissal. These findings plus the hearing officer's recommendation of dismissal completely empowered the Board to dismiss petitioner at any time, and petitioner concedes as much. *See Blair v. Lovett,* 196 Colo. 118, 582 P.2d 668 (1978).

Therefore, although the Board erred in listening to public comment prior to exercising its power to dismiss, we hold that under these circumstances petitioner was not substantially prejudiced. *See Weissman v. Board of Education,* 190 Colo. 414, 547 P.2d 1267 (1976). Nevertheless, we would strongly recommend that, in the future, a similar ultimate decision by the Board should be based on each member's independent judgment of the facts as contained in the record properly developed.

## II.

■ Petitioner also contends that inasmuch as the hearing officer expressed a desire to recommend probation, she erred in recommending dismissal. She argues that probation is a form of retention, and therefore, the hearing officer should have recommended retention in order to fulfill her desire that petitioner be given a period of probation. We disagree.

Section 22–63–117(8), C.R.S. (1986 Cum. Supp.) provides that:

"The hearing officer shall make one of the two following recommendations: The teacher be dismissed or the teacher be retained."

Section 22–63–117(10), C.R.S. (1986 Cum. Supp.), provides that:

"The board shall take one of the three following actions: The teacher be dismissed; the teacher be retained; or the teacher be placed on a one-year probation...."

A comparison of the two subsections indicates an intention on behalf of the Gener-

al Assembly to limit the hearing officer's recommendation. Thus, it is unimportant whether probation is a form of retention because the ability to recommend probation is not available to the hearing officer. Rather, the hearing officer makes written findings of fact and determines whether such findings constitute violations of the act. Next, the hearing officer makes a recommendation in accordance with § 22–63–117(8) based upon these findings and conclusions.

Then, by the terms of § 22–63–117(10), it is solely for the Board of Education to determine whether dismissal, retention, or probation is the appropriate disposition. We also note that the Board is not bound by the hearing officer's recommendation because it is just that—a recommendation. *See Blair v. Lovett, supra.*

If the Board disagrees with the recommendation, it must make specific findings as to the disagreement. *See* § 22–63–117(10), C.R.S. This was not done here because there was agreement between the hearing officer and the Board as to the disposition.

Although she expressed her desire to afford petitioner probation, the hearing officer correctly ruled that such a recommendation was not available to her under the statute. Therefore, based on the seriousness of the alcohol-related incidents, she determined that a recommendation of dismissal was appropriate. Although the hearing officer had certain misgivings as to her recommendation, it nevertheless represents a proper exercise of her discretion.

Order affirmed.

KELLY, J., concurs.

METZGER, J., dissents.

METZGER, Judge, dissenting.

I respectfully dissent as to part I of the majority's opinion which concludes that the Board's consideration of public comment was mere "harmless error." I would remand this matter to the Board to reconsid-er the hearing officer's report without receiving public comment and without considering such comment as it has already received.

In *Cordova v. Lara,* 42 Colo.App. 483, 600 P.2d 105 (1979) and in *Merritt v. Consolidated School District No. 8,* 522 P.2d 137 (Colo.App.1974) (not selected for official publication), this court held that the Board's consideration of extraneous information was improper and undermined the purpose of the Teacher Tenure Act. In both instances we remanded the cause for further proceedings and did not require the teacher to show prejudice. In my view, the majority here has implicitly overruled those cases and, while recognizing the unquestioned impropriety of the Board's conduct in considering public comment, has, nevertheless, concluded that no new hearing is required. I see no reason to depart from the existing rule.

Moreover, even if we were to use the majority's rationale, I believe the teacher here has shown prejudice. The record unequivocally supports petitioner's allegation that the public comment, which was objected to by petitioner's attorney, the school administration's attorney, and by the Board's advisory counsel, plainly influenced the ultimate decision of the Board. Indeed, the Board member who made the motion to dismiss petitioner prefaced his motion with the opinion that: "Here, with as much public comment as we have … I do not think we can send a mixed signal to the community. …"

Consequently, I would require the Board to render a new decision based only on the record and arguments of counsel.