No. 21732.

EDWIN A. WALKER *v.* THE ASSOCIATED PRESS.
(417 P.2d 486)

Decided August 15, 1966.

EARL J. HOWER, CLYDE J. WATTS, for plaintiff in error.

WINNER, BERGE, MARTIN & CAMFIELD, for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the court.

EDWIN A. WALKER, hereinafter referred to as the plaintiff, brought a libel action against the Associated Press, a New York corporation, and The Denver Post, Inc., a Colorado corporation. In this writ of error we are concerned only with plaintiff's three claims for relief against the one defendant, Associated Press.

After permitting the plaintiff to amend his complaint on several occasions, the trial court eventually granted a motion to dismiss filed by the Associated Press, and judgment of dismissal followed. It is this judgment of dismissal which the plaintiff now seeks to have reversed.

In order to better understand this matter it becomes necessary to analyze with some degree of particularity the several complaints, and amendments thereto, filed by the plaintiff. This action was commenced by the plaintiff on September 30, 1963 with the filing of a complaint. In his original complaint the plaintiff claimed to have been libeled in the following publications: (1) an editorial appearing in The Denver Post on October 1, 1962; (2) a news article appearing in The Denver Post on October 2, 1962; and (3) an Associated Press news release of October 3, 1962, which was forwarded by the Associated Press to The Denver Post.

Our examination of the original complaint leads us to conclude that by the words used in this complaint plaintiff intended to charge, and did charge, the Associated Press with only one allegedly libelous publica-

tion, *i.e.*, its news release of October 3, 1962, and that it was The Denver Post which was said to have libeled plaintiff in its editorial of October 1, 1962 and in its news article of October 2, 1962. Be that as it may, in our view on November 14, 1963, plaintiff cleared up any possible doubt on this particular matter by quite definitely charging Associated Press with only one libelous publication, namely its news release of October 3, 1962.

Thereafter, on February 17, 1964, the trial court granted the motion to dismiss filed by Associated Press, and the plaintiff was granted time within which to file a second complaint. This the plaintiff did on March 11, 1964, in what he chose to denominate as an "Amended Complaint." This amended complaint contained what plaintiff labeled as counts one, two and three. Count one related to The Denver Post editorial of October 1, 1962, but in this pleading *both* The Denver Post and the Associated Press were charged with this particular publication.

Count two of the amended complaint related to The Denver Post news article of October 2, 1962, and again in this amended complaint *both* the Associated Press and The Denver Post were charged with this publication.

Count three of the amended complaint was directed solely against the Associated Press, and it concerned the press release of October 3, 1962.

To this amended complaint Associated Press again filed a motion to dismiss alleging, as to counts one and two, that "such alleged claims . . . . . did not accrue within one year prior to the filing of the amended complaint."

The trial court agreed with this contention of Associated Press, and dismissed these particular counts on the ground that they were barred by the one year statute of limitation. C.R.S. 1963, 87-1-2. In our handling of this writ of error we shall first concern ourselves with the propriety of this particular ruling, laying aside

for a moment a consideration of the third count in the amended complaint.

Counsel apparently agree that *if* counts one and two represent "new" claims against Associated Press, then each is barred by the applicable statute of limitation. Plaintiff argues, however, that counts one and two are not really new claims, but on the contrary relate back to the original complaint. Being, then, merely an enlargement upon the averments in the original complaint, plaintiff urges that counts one and two are therefore not barred by the one year statute of limitation. See *Platte Valley Motor Co. v. Wagner*, 130 Colo. 365, 278 P.2d 870; *Smith v. La Forge*, 170 Kans. 677, 228 P.2d 509, and *Doyle v. Okla. Press Pub. Co.*, 206 Okla. 254, 242 P.2d 155.

Associated Press argues, to the contrary, that counts one and two represent *new* claims as to it, even though not to The Denver Post. In other words, it is pointed out that the Associated Press, as opposed to The Denver Post, was never charged with the publication of The Denver Post editorial of October 1, 1962 or The Denver Post news article of October 2, 1962 until March 11, 1964, the date when the amended complaint was filed.

In the original complaint it would appear that The Denver Post was charged with two libelous publications, *i.e.*, its editorial of October 1, 1962 and its news article of October 2, 1962, and that the Associated Press was charged with only one libelous publication, *i.e.*, its news release of October 3, 1962, which it is observed occurred subsequent to the dates of the allegedly libelous publications of The Denver Post.

If, however, there be doubt as to which defendant was charged with which libelous publication, the matter in our mind was, as already mentioned, fully cleared up by the plaintiff himself when he filed his Amendment to Complaint on November 14, 1963. In that pleading it is quite evident that Associated Press is charged with only one libelous publication, namely its press

release of October 3, 1962. Hence, when plaintiff in his Amended Complaint of March 11, 1964 avers that the Associated Press also published the allegedly libelous editorial and news article appearing in The Denver Post, he truly is setting forth "new" claims, "new" at least as to the one defendant, the Associated Press.

These three separate publications, of course, constitute separate and distinct claims. See *Hartmann v. Time, Inc.,* 60 N.Y.S.2d 209. Accordingly, we conclude that counts one and two in the amended complaint constitute "new" claims against the Associated Press, and not having been asserted against Associated Press within one year after the cause of action accrued, are now barred by the provision of C.R.S. 1963, 87-1-2. See *Evans v. The Republican Publishing Company,* 20 Colo. App. 281, 78 Pac. 311 and *Spears Free Clinic v. Maier,* 128 Colo. 263, 261 P.2d 489.

We shall now proceed to a consideration of count three in the amended complaint. In all of his various pleadings the plaintiff alleged only general — as opposed to special — damages. And this was so even though he was given more than adequate opportunity by the trial court to amend his several complaints in this regard. However, he chose not to so do, and the trial court eventually dismissed count three of the amended complaint for this failure on the part of plaintiff to allege special damages. The reasoning of the trial court was that the allegedly libelous press release was only libelous per quod, and that in such event the plaintiff had to allege special damages, and the mere allegation of general damages was legally insufficient.

Plaintiff admits that he only alleged general damages, but contends that such is sufficient because, contrary to the determination made by the trial court, the news release — he claims — was libelous per se. So, this particular problem narrows down to a determination as to whether the press release of Associated Press

under the date of October 3, 1962 is libelous per se, or per quod.

Plaintiff's overall position in this regard is that the Associated Press release of October 3, 1962 falsely charges him with the commission of a crime, namely a violation of 18 U.S.C.A. 111, which provides that he who "assaults, resists, opposes, intimidates or interferes" with, among other persons, a United States Marshal while engaging in the performance of his official duties shall be fined not more than $5,000 or imprisoned for not more than three years, or both.

Plaintiff and Associated Press agree that *if* the latter in its press release of October 3, 1962 falsely charged the plaintiff with the commission of a crime, then the publication is libelous per se. See *Cinquanta v. Burdett*, 154 Colo. 37, 388 P.2d 779, 1 A.L.R.3rd 840 and *O'Cana v. Espinosa*, 141 Colo. 371, 347 P.2d 1118. Associated Press contends, however, that its press release of October 3, 1962 does *not* charge plaintiff with having committed a crime, and that it is only by innuendo that such could ever be "read into" this particular release.

■■ Our study of this news release of October 3, 1962 leads us to the conclusion that this particular publication is libelous per se in that it does charge the plaintiff with the commission of a crime. At the very least this news release charges plaintiff with taking the "command" of a theretofore unorganized mob which was resisting and interfering with United States Marshals who were about their official business by "charging" them, by hurling "bricks, bottles, rocks and wooden stakes toward the clustered marshals." One can, of course, be charged with the commission of a crime even though it is not done in the exact language of the statute. From our reading of the news release plaintiff was clearly charged with resisting and interfering with U.S. Marshals who were about their official business, and was also charged with aiding and abetting others who were similarly engaged in various acts constituting re-

sistance and interference. If the language used in this press release doesn't equate to "resistance" and "interference," then it would be difficult to know what would. Hence, we hold the press release in question as libelous per se.

The Associated Press goes on to argue that even though its press release be deemed libelous per se, count three of the amended complaint is still subject to a motion to dismiss on the basis of *New York Times Company v. Sullivan*, 376 U.S. 254, 84 S. Ct. 710, 11 L. Ed.2d 686, 95 A.L.R.2d 1412. In our view of this matter the rule laid down in the *New York Times* case does have application to the instant controversy, but, as will be developed, such does not justify an outright dismissal of count three of the amended complaint on a motion to dismiss.

In the *New York Times Company* case the Supreme Court of the United States rather severely limited the right of *public officials* to recover for libelous newspaper articles by holding that the constitutional safeguards regarding freedom of speech and press require that a public official in a libel action against a critic of his official conduct must show actual malice on the part of such critic before the public official can make any recovery, and that such is true even though the statements are libelous per se.

The problem is whether the rule announced in the *New York Times Company* case, where a public official was involved, applies with equal force to a public figure who has voluntarily thrust himself into the vortex of the public discussion of an issue which is of pressing public interest and concern. Plaintiff in the instant case is not a public official, but he admittedly is a public personage who did voluntarily go from his home in Texas to Mississippi at the time when James Meredith, a colored person, was being enrolled in the University of Mississippi, and under such circumstances he most

certainly did thrust himself into the vortex of the discussion of a matter of great public concern.

■ We now hold that the rule of *New York Times Company v. Sullivan, supra,* applies to the instant controversy to the end that even though the news release be libelous per se, plaintiff still cannot recover unless he is able to show actual malice, as defined in the *New York Times Company* case, on the part of Associated Press.

We recognize that there is authority from other jurisdictions which looks away from such a holding. See, *e.g., Fignole v. The Curtis Publishing Company,* 247 F. Supp. 595. But in our considered view the rationale of *New York Times Company v. Sullivan, supra,* clearly suggests that the rule announced therein should apply to one in the position of this plaintiff. And there is authority from other jurisdictions which supports our conclusion in this regard. Accordingly, we subscribe to the reasoning found, for example, in *Walker v. Courrier-Journal & Louisville Times Co.,* 246 F. Supp. 231. See, also, *Pauling v. National Review, Inc.,* 269 N.Y.S.2d 11; *Pauling v. News Syndicate Company, Inc.,* 335 F.2d 659 and *Rosenblatt v. Baer,* 383 U.S. 75, 86 S. Ct. 669, 15 L. Ed.2d 597.

■ Even though the rule of *New York Times Company v. Sullivan, supra,* does have applicability to the instant matter, such determination does not justify a dismissal of count three of the amended complaint on a motion to dismiss. Plaintiff in count three of his amended complaint alleges that the Associated Press published its press release of October 3, 1962 with actual malice, and his pleading in this regard is, therefore, sufficient to bring him even within the narrow rule announced in *New York Times Company v. Sullivan, supra.*

Associated Press finally argues that plaintiff has made a judicial admission that the Associated Press acted without actual malice by amending his pleading so as to

incorporate by reference plaintiff's libel action brought in Texas against the Associated Press, which action was apparently based on the same press release of October 3, 1962. See *Associated Press v. Walker*, 393 S.W.2d 671. Without belaboring this point, we are of the view that the position of Associated Press in this regard is not well-taken and that this matter cannot be injected in this manner into the instant proceeding.

The judgments of dismissal as to counts one and two of the amended complaint are affirmed. The judgment of dismissal as to count three of the amended complaint is reversed and the cause is remanded with directions that further proceedings in connection therewith be consonant with the views herein expressed.

MR. CHIEF JUSTICE SUTTON not participating.