Gene WINTERS, Pat Winters and Rosemary Ardelt, individually and d/b/a Acme Tree Service, Plaintiffs-Appellants,

v.

CITY OF COMMERCE CITY, a Municipal Corporation; Board of Adjustment of the City of Commerce City and Members Thereof; Fred Timmerman, City Manager; Gordon Aleshire, Chief Building Inspector; Steven House, Community Development Director; and Jesse Evans, Defendants-Appellees.

No. 81CA0827.

Colorado Court of Appeals,
Div. III.

March 11, 1982.

Rehearing Denied April 22, 1982.

Berger & Rothstein, P. C., David Berger, Commerce City, for plaintiffs-appellants.

Deisch & Marion, P. C., Brad W. Breslau, Denver, for defendants-appellees.

TURSI, Judge.

Plaintiffs appeal a summary judgment dismissing their second, third, and fourth claims for relief against defendants which sought declaratory relief, compensatory and exemplary damages, and costs for the denial of a building permit to construct a building on their property. We reverse in part and affirm in part.

In 1976, plaintiffs, doing business as Acme Tree Service, applied for a rezoning of the property from a split-zoned residential–2 (R–2) and industrial–2 (I–2) designation to I–2. Plaintiffs requested the rezoning *"strictly for parking of equipment"* (emphasis in original) which consisted of approximately 8 trucks. The Commerce City planning commission recommended that the rezoning be granted, and entered its findings that "the property owner will use the property for parking facilities to accommodate approximately 8 trucks." The Commerce City City Council then passed an ordinance which reads in pertinent part:

"SECTION 3. That the property described below now zoned R–2 and I–2 be re-

zoned I–2 as defined in the Commerce City Zoning Ordinance No. 366.

. . . . .

SECTION 4. That the findings of the Planning Commission are approved and accepted by this City Council and the rezoning granted R–2 and I–2 to I–2 Zone District."

In August 1979, plaintiffs applied for a permit to build an office and truck storage building on the subject property. Defendant Aleshire, building inspector for Commerce City, denied the application. Aleshire had been instructed by defendant House, the City's Director of Community Development, to deny any building permits for the property. House's directive was based upon a city attorney's opinion which he had previously requested. The opinion recommended denial of the permit. Plaintiffs appealed Aleshire's denial of the permit to the board of adjustment, which affirmed the denial.

Plaintiffs then filed a complaint in the district court setting forth four claims for relief. The first claim for relief alleged that the board of adjustment was arbitrary, capricious and abusive of its discretion in failing to order the building inspector to issue the building permit. The second claim for relief sought a declaration of plaintiffs' rights under the zoning ordinance. The third and fourth claims for relief sought compensatory and exemplary damages and costs against defendants for their alleged willful, wanton and wrongful acts in refusing to grant the building permit.

The first claim for relief was tried separately to the trial court, which ordered that a building permit be issued. No appeal was taken from that decision. On the third and fourth claims for relief, a different district court judge found that defendants' actions in denying the application were discretionary and that they had not acted arbitrarily or capriciously in relying upon the advice given by the city attorney. The court also concluded that the claims would not support exemplary damages. He then granted summary judgment in favor of defendants.

The individual defendants contend that the common law doctrine of official immunity prevents them from being liable to suit because their acts were discretionary in nature. They claim that the determination of whether they acted in a ministerial or discretionary manner should focus on House's conduct in seeking an opinion from the city attorney as to whether a building permit should be issued, rather than focusing upon the act of denying the building permit.

■ In determining whether the immunity defense applies in a particular case, "the court must first decide as a matter of law if the official's acts which give rise to the complaint are discretionary or not. If the acts are non-discretionary, thus not automatically affording the public official immunity, the court must apply a second test, that of balancing the consideration of harm to the individual citizen against the policy of promoting effective government." *Cooper v. Hollis*, 42 Colo.App. 505, 600 P.2d 109 (1979).

■ Our first determination is that defendants' acts were not discretionary and therefore were not automatically cloaked with immunity. Discretionary acts, in the specialized and limited meaning of official immunity, are those acts "which are of a judgmental, planning, or policy nature . . . . Non-discretionary acts, on the other hand, are those that involve performance of a mandatory duty at the operational level." *Cooper v. Hollis, supra.*

■ We do not agree with defendants' contention that the act upon which we should focus was House's decision to seek a legal opinion. The fact that a preliminary legal opinion was sought does not change the rule that the duty to grant a permit is mandatory if the application therefor is in conformance with the zoning ordinances. *See Western Paving Construction Co. v. Board of County Commissioners*, 181 Colo. 77, 506 P.2d 1230 (1973). This duty is, in the words of *Cooper*, "a mandatory duty at the operational level." Defendants' acts in denying the building permit, therefore, were not discretionary, but were ministerial

in nature. *See Magnolia Petroleum Co. v. City of Tonkawa,* 189 Okla. 125, 114 P.2d 474 (1941); *State v. City of Tacoma,* 63 Wash.2d 23, 385 P.2d 372 (1963). Thus, the blanket immunity accorded officials for their discretionary acts does not protect defendants here, and the balancing test set out in *Cooper* becomes applicable.

 In balancing the harm to the individual citizen against the policy of promoting effective government, we do not believe that denying immunity in this case will unduly hamper municipal governments in the enforcement of their zoning ordinances. Thus, we conclude plaintiffs may be compensated for their injuries if they can prove an erroneous deprivation of their rights caused by *unreasonable* acts on the part of the municipal officials. The officials and the municipality are protected by the defense of "honest and reasonable mistake." *Flournoy v. McComas,* 175 Colo. 526, 488 P.2d 1104 (1971). The issue of honest and reasonable mistake, however, is one of material fact and should not be determined on summary judgment. *Abrahamsen v. Mountain States Telephone & Telegraph Co.,* 177 Colo. 422, 494 P.2d 1287 (1972).

Plaintiffs also assert that the trial court erred in granting summary judgment on the issue of exemplary damages because they contend that a question of fact remains as to whether the denial of the building permit was, as specified by § 13–21–102, C.R.S. 1973, "attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings...." We disagree.

The uncontroverted affidavits of Aleshire, Evans, House, and Timmerman and the depositions of Gene and Pat Winters indicate that there is no factual basis for an award of exemplary damages. Thus, the trial court properly entered summary judgment on this claim. *Abrahamsen v. Mountain States Telephone & Telegraph Co., supra.*

Finally, we agree with defendants that plaintiffs' second claim for relief which sought a declaration of their rights under the zoning ordinance is moot because the building permit has already been issued.

The judgment as to the claim for compensatory damages is reversed, and the cause is remanded for trial; the dismissal of the other claims is affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.