**SUN VALLEY DEVELOPMENT COMPANY, a Colorado corporation, Plaintiff-Appellee,**

v.

**PARADISE VALLEY COUNTRY CLUB, Defendant-Appellant.**

**No. 83CA0096.**

Colorado Court of Appeals, Div. II.

April 7, 1983.

---

Bowman, Geissinger, Wright & Gower, Arthur S. Bowman, Sr., Denver, for plaintiff-appellee.

Jorge E. Castillo, P.C., Jorge E. Castillo, Denver, for defendant-appellant.

PIERCE, Judge.

This is a forcible entry and detainer action wherein damages as well as possession were sought by plaintiff. After a hearing, the trial court determined plaintiff was entitled to possession of the real property, and an entry of judgment was made accordingly. The judgment also provided that a writ of restitution would issue after the expiration of 48 hours. The trial court reserved for later determination the amount of rent owed by tenant. A C.R.C.P. 54(b) order was obtained and the tenant brought this appeal.

We issued an order to show cause asking why the appeal should not be dismissed because of a lack of final judgment in the trial court. A response was filed by the tenant. We now discharge the order.

*Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982), requires that before certification under C.R.C.P. 54(b) is available:

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions

of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.)

(1) The decision must be on an entire claim for relief;

(2) It must be final in the sense that it will ultimately dispose of an individual claim; and

(3) It must be determined that there is no just reason for delay in entry of a final judgment.

These criteria have been met in this action.

■ This controversy involves two claims, which, although arising out of the same factual context, seek remedies which are not required to be invoked at the same time. Here, by statute, it is contemplated and authorized that a judgment of possession may be entered and that a writ of restitution may be issued as an execution upon the judgment prior to the determination of the other remedies requested.

Therefore, the possession issue has become final and appealable. *See Harding Glass Co. v. Jones, supra,* at fn. 5; *see also Radio Station WOW v. Johnson,* 326 U.S. 120, 65 S.Ct. 1475, 1479, 89 L.Ed. 2092 (1945).

The order to show cause is discharged.

SMITH and TURSI, JJ., concur.