## TURCHICK & KEMPTER

v.

## HURD & TITAN CONST.

Joseph TURCHICK, and Frank Yanni, Plaintiffs,

and

Keith T. Kempter and John Roberts, Plaintiffs-Appellees,

v.

Tom HURD, d/b/a N & J, Inc. & Construction, Defendant-Appellant,

and

Titan Construction Company, Inc., Traveler's Indemnity Company, Inc., Haseldon-Langley Construction, Inc., Safeco Insurance Company of America, Inc., Hensel-Phelps Construction Company, Inc., Aetna Casualty and Surety Company, Inc., and Adolphson and Peterson Construction Company, Seaboard Surety Company, Defendants.

No. 81CA1123.

Colorado Court of Appeals, Div. II.

April 28, 1983.

Rehearing Denied June 2, 1983.

Stephen B. Schuyler, Denver, for plaintiffs-appellees.

Porterfield, Richtsmeier & Penney, Wendell B. Porterfield, Jr., Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Tom Hurd, doing business as N & J, Inc. & Construction (Hurd), seeks review of the trial court's denial of his motion to alter or amend or vacate a default judgment under C.R.C.P. 54(b). We dismiss the appeal.

The chronology of procedural events relevant to our disposition is as follows.

Plaintiffs, Keith Kempter and John Roberts (Kempter), along with Joseph Turchick and Frank Yanni, filed a complaint in June 1976, alleging in their first claim that Hurd and, in their fourth claim, that Hurd, Adolphson and Peterson Construction Company, and Seaboard Surety Company (Adolphson), had breached certain terms of certain employment contracts. Kempter sought unpaid journeyman wages from Hurd, Adolphson, and all other party defendants named as jointly and severally liable; statutory interest accrued from Hurd alone; and, attorney's fees from all party defendants, named as jointly and severally liable. Turchick sought unpaid union wages and attendant benefits from Hurd, Adolphson, and several other party defendants, named as jointly and severally liable.

A partial default judgment was entered against Hurd in December 1976, naming only John Roberts and Keith Kempter as creditors and Hurd as debtor. The final paragraph of this judgment reads:

"-c-ounsel for plaintiffs may later present, via testimony or affidavit, evidence concerning the claims of the remaining plaintiffs, JOSEPH -sic- TURCHICK and FRANK YANNI."

No other judgment favoring either of the remaing plaintiffs ever became a part of the judgment docket.

Thereafter, several other rulings and proceedings occurred, but none were pertinent to this appeal until this defendant filed a motion for new trial, or in the alternative, to alter or amend the judgment. This motion was denied in February 1979.

In March 1981 Hurd filed his answer and another motion to amend or alter or vacate

the 1976 judgment. This motion is the subject of this appeal. The trial court entered orders denying the motion finding as follows: "ORDERS—the motion is denied. The court finds the length of time between the filing of the motion and the judgment was not reasonable pursuant to Rule 60(B) -sic- of .... The court believes the defendant, Tom Hurd, should have brought this matter to the court's attention before four (4) years past -sic- since the entry of the judgment. The court previously heard a motion to alter or amend (1979) and denied the same. It was the court's desire at that time to make a final judgment and allow the parties to appeal the ruling if they deemed it appropriate."

The court then issued an order in accord with C.R.C.P. 54(b) to certify the September 1981 order as final and appealable.

The sole issue presented for review is whether the September 1981 order, denying Hurd's motion to alter, amend or vacate the default judgment entered against him in 1976, is properly before this court for review.

■ Initially, we note that a C.R.C.P. 54(b) certification, for purposes of appeal, is proper only when there has been a "final decision on one or more but fewer than all the multiple claims raised." *Harding Glass Co., Inc. v. Jones,* 640 P.2d 1123 (Colo.1982), citing *Seatrain Shipbuilding Corp. v. Shell Oil Co.,* 444 U.S. 572, 100 S.Ct. 800, 63 L.Ed.2d 36 (1980); *see also Alexander v. Colorado Springs,* 655 P.2d 851 (Colo.App. 1982).

■ Here, portions of plaintiffs' first claim for relief, and plaintiffs' fourth claim in its entirety, have not been fully adjudicated. The rights and liabilities of the named parties are, therefore, left unresolved. Hence, no final judgment was ever entered by the trial court. All that shows of record is a partial default judgment entered 1976.

■ Default judgments entered by a trial court against one defendant, alleged to be jointly liable with those defendants remaining, as is the case here, are generally held to be incongruous and illegal. *Frow v. De La Vega,* 15 Wall. (82 U.S.) 552, 21 L.Ed. 60 (1872); *see C. Wright & A. Miller, Federal Practice & Procedure* 2690 (1983). Following the *Frow* rule, therefore, it is generally concluded that entry of default judgment against one defendant among several alleged to be jointly liable is not a final judgment and therefore not appealable. *United States v. Peerless Insurance Co.,* 374 F.2d 942 (4th Cir.1967); *see C. Wright and A. Miller, Federal Practice & Procedure, supra.*

■ Furthermore, an interlocutory judgment, such as the partial default judgment entered here, may not be cured and made appealable by use of C.R.C.P. 54(b). *Ferguson v. Bartels Brewing Co.,* 284 F.2d 855 (2d Cir.1960). Our Supreme Court has determined that proper certification for appeal under C.R.C.P. 54(b) must include, as one of the elements, a final decision of one complete claim for relief. *Harding Glass Co. v. Jones, supra.* Here, partial default judgment was entered against one defendant alleged to be jointly and severally liable with all other named party defendants. Such an adjudication does not constitute a final judgment as to even one claim for relief.

Those procedures initiated by defendants which relied upon C.R.C.P. 60(b) as authority for relief from the default judgment will not be disturbed on appeal as they have not been properly certified to this court.

The appeal is dismissed without prejudice.

SMITH and TURSI, JJ., concur.