Ron TROXEL, d/b/a Troxel Construction Co., Plaintiff-Appellant,

v.

TOWN OF BASALT, Loyal Leavenworth, Lee Merkel, Richard Ducic, Daniel Grant, Otis Moreland, Lowell Bair, Margaret Darien, Mildred Remsbecher, Jerome L'Estrange, and Ann Coble, Defendants-Appellees.

No. 83CA0413.

Colorado Court of Appeals, Div. IV.

May 3, 1984.

Schenk, Kerst & deWinter, John R. Schenk, William J. deWinter, Glenwood Springs, for plaintiff-appellant.

T. Peter Craven, Glenwood Springs, for defendants-appellees except Loyal Leavenworth.

Hall & Evans, John R. Trigg, Alan Epstein, Denver, for defendant-appellee Loyal Leavenworth.

ENOCH, Chief Judge.

Plaintiff, Ron Troxel, appeals the dismissal of four of his five claims against defendants. We dismiss in part and affirm in part.

Troxel had entered into a contract with the town for construction of a water improvement project. In his complaint, Troxel asserted alternate claims for relief against the town of Basalt, one for breach of contract, and the other for quantum meruit. He also asserted three tort claims against the other defendants, Basalt city officials. After a hearing on the motion to dismiss filed by defendants, the trial court dismissed the quantum meruit claim against Basalt and all three tort claims against the city officials. Thus, only the breach of contract claim remains to be tried. Pursuant to C.R.C.P. 54(b), the court certified the dismissal of the tort claims against the city officials as final and appealable.

I.

Contrary to Troxel's assertions, the trial court did not issue an order in accordance with C.R.C.P. 54(b), certifying the dismissal of the quantum meruit claim against Basalt as final and appealable. In addition, even if it had been so certified, such certification, for purposes of appeal, is proper only when the decision is on an entire claim for relief, when it is final in the sense that it will ultimately dispose of an individual claim, and when it is determined that there is no just reason for delay in entry of a final judgment. *Sun Valley Development Co. v. Paradise Valley Country Club*, 663 P.2d 628 (Colo.App. 1983). Where, as here, alternative legal theories have been asserted as bases for liability, and the underlying facts permit only a single recovery, only a single claim for relief exists. *Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982). Hence, it would not have been appropriate for the

court to have entered a C.R.C.P. 54(b) order because the dismissal of the quantum meruit claim was not a decision on an entire claim for relief. Therefore, the issue concerning the dismissal of the quantum meruit claim is not properly before this court, and the appeal must be dismissed with respect to that issue.

## II.

Troxel next contends that the court erred in dismissing his tort claims of civil conspiracy, intentional interference with a contract, and intentional infliction of emotional distress against the governing officials of Basalt. We agree with the trial court's decision.

■ In passing upon a motion to dismiss a complaint, a court may consider only matters stated therein, and cannot go beyond the confines of the pleading. *McDonald v. Lakewood Country Club*, 170 Colo. 355, 461 P.2d 437 (1969). Allegations contained in the complaint are assumed to be true. *McDonald, supra.*

Here, the act which allegedly caused Troxel damages was the vote taken by the governing officials of Basalt to deny Troxel's claim under a change order. During such voting, the officials act in their official, not individual, capacities.

■ A decision to honor or deny a change order claim is one of a judgmental, planning, or policy nature, and is therefore discretionary as a matter of law. *See Winters v. City of Commerce City*, 648 P.2d 175 (Colo.App.1982); *DePalma v. Rosen*, 294 Minn. 11, 199 N.W.2d 517 (1972). Discretionary actions taken by officials acting in their official capacity and within the scope of their offices are protected by official immunity, *see Winters, supra,* and thus, the court properly dismissed these claims.

## III.

Troxel also contends that the court erred in dismissing these same claims against the town attorney and the town manager. We disagree.

Troxel alleges that the attorney and the manager met and conspired "with an intent to injure, and/or cheat, and/or defraud, and/or wrongfully withhold" money from Troxel, that they agreed that the money was owed, and that they formulated a plan through the use of deceptive payment requests to "hook" and otherwise deprive Troxel of the money owed. Troxel further alleges that the town attorney and town manager then advised the governing officials of their scheme and the governing officials joined this scheme by voting to deny the change order.

■ From Troxel's allegations and admissions in his brief, it is apparent that the actual cause of his alleged damages was the vote of the governing officials, and not the result of any independent action by the attorney and the manager. Thus, the proximate cause of Troxel's alleged damages, with respect to the attorney and the manager, could be only the advice and persuasion given by them to the governing officials.

Under the facts asserted here, the attorney and the manager were acting within their official capacity, *see* § 31–4–304, C.R.S. (1977 Repl.Vol. 12). Advice and persuasion not to pay a change order claim are of a judgmental, planning, or policy nature, and when given, as here, by officials acting in their official capacities and not outside the scope of their offices, their acts are discretionary as a matter of law. *See Winters, supra.* As such, their acts were entitled to official immunity and the court also properly dismissed these claims against the attorney and the manager.

The appeal is dismissed without prejudice with respect to the dismissal of the quantum meruit claim against Basalt. The judgment is affirmed in all other respects. The cause is remanded for further proceedings on the contract claim against Basalt.

HODGES, Justice,* and SILVERSTEIN, Judge,* concur.