**Bruce SALIMI, Plaintiff-Appellant,**

v.

**FARMERS INSURANCE GROUP,
Defendant-Appellee.**

**No. 82CA1461.**

Colorado Court of Appeals,
Div. I.

June 14, 1984.

Barash & LeHouillier, Patric J. LeHouillier, Craig M. Cornish, Colorado Springs, for plaintiff-appellant.

Rector, Rutherford, Mullen & Johnson, J. Stephen Mullen, Neil C. Bruce, Colorado Springs, for defendant-appellee.

BABCOCK, Judge.

This action arises out of an employer-employee relationship. Plaintiff, employee, appeals the judgment of dismissal entered by the trial court pursuant to C.R.C.P. 12(b)(5) in favor of defendant, employer. We affirm in part, reverse in part and remand with directions.

Plaintiff alleges in his first cause of action that the defendant unilaterally demoted him following an investigation concerning his conduct as an employee. He alleges that: (1) Defendant refused to provide him with "a copy of the Policies and Procedures Manual given to Farmer's employees"; (2) his demotion was "a violation of the policies, procedures ... of Defendant and was unreasonable, arbitrary, and capricious"; and (3) defendant's action "in violation of the policies, procedures and/or by-laws of Farmers Insurance *constituted a breach of contract.*" (emphasis added) Plaintiff's second cause of action alleged that defendant's conduct was extreme and outrageous.

In granting defendant's motion for dismissal for failure to state a claim upon which relief may be granted, the trial court, as required by *McDonald v. Lakewood Country Club*, 170 Colo. 355, 461 P.2d 437 (1969), considered the allegations of the first cause of action to be true and concluded that it failed to state a claim upon which relief may be granted.

The trial court acknowledged the rule that the employment agreement was terminable at the will of either party because there was no fixed term of employment. *Justice v. Stanley Aviation Corp.*, 35 Colo. App. 1, 530 P.2d 984 (1974). Thus, it reasoned that plaintiff's continued job status, including demotion, was likewise determinable at the will of the defendant. Because the claim for outrageous conduct was based largely upon the allegations of the first cause of action, the trial court dismissed the second cause of action for failure to state a cognizable claim.

Plaintiff agrees that a contract of employment which states no definite term is considered to be indefinite and terminable at the will of either party without incurring liability for breach of contract. However, he contends that defendant is contractually bound to follow the disciplinary provisions of its personnel manual.

Relying upon principles of unilateral contract, the Minnesota Supreme Court held in *Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn.1983):

> "That where an employment contract is for an indefinite duration, such indefiniteness by itself does not preclude handbook provisions on job security from being enforceable, whether they are proferred at the time of the original hiring or later, when the parties have agreed to be bound thereby."

 Thus, an employer's distribution to employees of handbooks or policy manuals which contain specific procedures for termination of employment, when relied upon by an employee and supported by the consideration of continued service, may result in the employer becoming contractually bound to comply with those procedures. *See Novosel v. Nationwide Insurance Co.*, 721 F.2d 894 (3rd Cir.1983); *Jackson v. Minidoka Irrigation District*, 98 Idaho 330, 563 P.2d 54 (1977); *Carter v. Kaskaskia Community Action Agency*, 24 Ill.App.3d 1056, 322 N.E.2d 574 (1974); *Southwest Gas Corp. v. Ahmad*, —— Nev. ——, 668 P.2d 261 (1983); *Yartzoff v. Democrat-Herold Publishing Co.*, 281 Or. 651, 576 P.2d 356 (1978); *Osterkamp v. Alkota Manufacturing Inc.*, 332 N.W.2d 275 (S.D.1983).

 We conclude that plaintiff's allegation of breach of contract because he was demoted in violation of defendant's policy and procedure manual is sufficient to survive defendant's motion to dismiss under C.R.C.P. 12(b)(5). *Novosel v. Nationwide Insurance Co., supra.* However, we conclude that the trial court did not err in dismissing plaintiff's second cause of action. *Widdifield v. Robertshaw Controls Co.*, 671 P.2d 989 (Colo.App.1983).

The judgment of the trial court is affirmed in part, and reversed in part. The cause is remanded for further proceedings consistent with the views expressed herein.

PIERCE and STERNBERG, JJ., concur.