**PUBLIC SERVICE COMPANY OF COLORADO, a Colorado corporation, Petitioner-Appellee,**

v.

**Emmett LINNEBUR, Respondent-Appellant.**

**No. 82CA0145.**

Colorado Court of Appeals, Div. III.

April 26, 1984.

Rehearing Denied June 7, 1984.

Certiorari Granted Aug. 20, 1984.

See also, Colo.App., 614 P.2d 912.

Kelly, Stansfield & O'Donnell, Donald D. Cawelti, Denver, for petitioner-appellee.

Rothgerber, Appel & Powers, Gregory L. Williams, Denver, for respondent-appellant.

STERNBERG, Judge.

The petitioner, Public Service Company of Colorado (Public Service), sought to condemn an easement, 225 feet wide across the farm of respondent, Emmett Linnebur, in conjunction with the installation of a high voltage electrical transmission line from its generating plant at Brush, Colorado, to the Denver metropolitan area. A condemnation action was filed in this regard in January 1979, and has not yet been tried.

Pursuant to the stipulation of the parties, the trial court entered an order granting Public Service immediate possession of the easement on February 2, 1979, and the power line has been fully energized on a continuous basis since November 1981. Linnebur's primary residence, his employee's living quarters, his granaries, and other improvements are located within approximately 300 to 900 feet of the center line of the proposed easement.

The crux of this appeal involves Linnebur's counterclaim for inverse condemnation which sought recovery for damage to the remainder of his property from the power lines. The damage included alleged potential health hazards.

In this regard, Linnebur proposed to present the testimony of two experts, Dr. Charles H. Beck and Dr. Andrew Marino. Public Service requested exclusion of this testimony and made an oral motion *in limine* requesting an evidentiary hearing and a judgment as to the admissibility of the testimony.

The testimony of Dr. Marino, by deposition, and Dr. Beck, in person, was presented at the *in limine* hearing. The court ruled that the testimony was not admissible because the experts' testimony was too speculative and was based on experimentation still in its infancy and on theories

which had not been generally accepted as demonstrating a hazard to human health.

The trial court certified this ruling as a final judgment pursuant to C.R.C.P. 54(b), noting that this testimony was the only evidence offered regarding the claim of damages due to physical injury. Linnebur appeals, alleging the trial court erred in excluding the expert testimony. We dismiss the appeal because we conclude that the ruling appealed from was incorrectly certified as a final judgment under C.R. C.P. 54(b).

■■■ Linnebur asserts that because Public Service raised this issue for the first time on appeal it is not properly before us. However, our jurisdiction to consider an appeal of a decision certified pursuant to C.R.C.P. 54(b) is dependent upon the correctness of the certification, and we are obligated to resolve the question of the legal sufficiency of the certification on our own motion if necessary. *Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982).

C.R.C.P. 54(b) provides, in pertinent part: "When more than one claim for relief is presented in an action, whether as a claim, *counterclaim,* cross-claim or third-party claim ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment...." (emphasis added)

*See also Alexander v. Colorado Springs,* 655 P.2d 851 (Colo.App.1982). The rule creates an exception to the general requirement that an entire case be resolved by a final judgment before an appeal is brought. *Harding Glass Co. v. Jones, supra.* An interlocutory judgment may not be cured and made appealable by use of C.R.C.P. 54(b). *Turchick v. Hurd,* 674 P.2d 969 (Colo.App.1983). Thus, the certification of the trial court is not binding upon an appellate court. *Moore & Co. v. Triangle Construction & Development,* 44 Colo.App. 499, 619 P.2d 80 (1980).

Before certification under C.R.C.P. 54(b) is appropriate:

"(1) The decision must be on an entire claim for relief;

(2) It must be final in the sense that it will ultimately dispose of an individual claim; and

(3) It must be determined that there is no just reason for delay in entry of a final judgment."

*Sun Valley Development Co. v. Paradise Valley Country Club,* 663 P.2d 628 (Colo. App.1983), *citing Harding Glass Co. v. Jones, supra.*

Here, Linnebur filed three counterclaims, one of which was for inverse condemnation. In that counterclaim, he alleged that Public Service, in placing the high-voltage lines within the proposed easement, would create "a perpetual condition and impairment" upon his land located outside the easement. He listed such damage as exposure of himself and his family, employees, and livestock, "to an unreasonable and dangerous risk of biological health hazards, including but not limited to blood disorders; circulatory disorders; hypertension; abnormal bone development and growth; stress; continuous audible noise; and an increased and dangerously enhanced risk of electrocution."

The trial court's exclusion of the testimony of the two expert witnesses in question obviously impacted his ability to prove at least some of these allegations. However, Linnebur also asserted that the power lines would create interference with his transmission and reception of CB and shortwave radio signals, which would interfere with his ability to communicate with his employees and thus interfere with his cattle and wheat farming operations. He also claimed the power lines would interfere with his reception of television signals.

The exclusion of the expert testimony may well have precluded Linnebur from recovering for damages related to health. It would not preclude him from recovering for these other types of damages alleged in the counterclaim.

■■ When a party is suing to vindicate one legal right and alleges several elements of damage, only one claim is present-

ed. 10 *C. Wright, A. Miller & M. Kane, Federal Practice & Procedure* § 2657 at 69–71 (1983). C.R.C.P. 54(b) cannot be used to appeal a part of a single claim for relief. *Harding Glass Co. v. Jones, supra; Hudson v. Board of Education,* 655 P.2d 853 (Colo.App.1982).

■ Hence, the trial court's certification of this as an appealable judgment pursuant to C.R.C.P. 54(b) cannot stand because it was not a decision on an entire claim for relief, and did not ultimately dispose of the counterclaim for inverse condemnation. *Harding Glass Co. v. Jones, supra; Moore & Co. v. Triangle Construction & Development, supra.* And, the order being interlocutory, there can be no appeal at this stage of the proceedings. *Moore & Co. v. Triangle Construction & Development, supra.*

The appeal is dismissed.

VAN CISE and METZGER, JJ., concur.