**Steven D. MESSENGER and Jessie A. Messenger, Plaintiffs-Appellees,**

v.

**Stephen L. MAIN, and Mike Albert John Salzer, Defendants-Appellants.**

No. 84CA0058.

Colorado Court of Appeals, Div. II.

Feb. 7, 1985.

al, they must choose between their counterclaim requesting rescission of the contract and their counterclaim for damages. After granting sellers' motion to require the election, the trial court certified the ruling as a final judgment pursuant to C.R.C.P. 54(b). We dismiss the appeal.

Buyers entered into a contract for the purchase of real property in Garfield County, but prior to closing, they concluded the scope, size, and extent of the property was not as represented by the sellers. Thereafter, buyers refused to close on the scheduled closing date, and sellers brought an action for declaratory relief. The buyers counterclaimed and requested relief in the form of rescission and damages, including return of monies paid and reimbursement for expenses incurred. The order for election and C.R.C.P. 54(b) ruling followed. The buyers then elected the remedy of rescission, the other claims for relief were dismissed, and this appeal was initiated.

The parties have not raised the issue of this court's jurisdiction to review the trial court's order, or the appropriateness of the certification pursuant to C.R.C.P. 54(b) that there was a final judgment with respect to one or more but fewer than all claims. However, where a question as to jurisdiction exists, we must consider the legal sufficiency of the judgment. *Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982).

The propriety of an entry of final judgment pursuant to C.R.C.P. 54(b) as to one or more, but fewer than all claims, turns upon the existence of "multiple claims" in the given action. Certification under the rule is not proper where only a single claim is pressed on multiple grounds and multiple parties are not involved. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956).

The question whether a single claim or multiple claims for relief exist is often difficult to resolve. *See* 10 C. Wright & A. Miller, *Federal Practice & Procedure* § 2657 (1973); 6 *Moore's Federal Practice* ¶ 54.33[2] (2d ed. 1983). However, when

Schenk, Kerst & deWinter, William J. deWinter, III, Glenwood Springs, for plaintiffs-appellees.

Leavenworth, Patrick & Lochhead, P.C., Kevin L. Patrick, Peter A. Milwid, Glenwood Springs, for defendants-appellants.

STERNBERG, Judge.

Stephen and Jessie Messenger, sellers, sued for a determination of the rights and liabilities of the parties to a contract for the sale of land. The buyers, Stephen Main and Mike Salzer, appeal the trial court's order that before proceeding to tri-

only one legal right is asserted, it is a single claim for relief even though multiple remedies for the alleged violation of that right are sought, *Harding Glass Co. v. Jones, supra,* and even though alternative legal theories have been asserted as the bases for liability. *Troxel v. Town of Basalt,* 682 P.2d 501 (Colo.App.1984). This is particularly so where the legal right sought has arisen out of a single transaction or series of transactions. *See Acha v. Beame,* 570 F.2d 57 (2d Cir.1978); *Cole v. Peterson Realty, Inc.,* 432 A.2d 752 (Me. 1981); *See also* Restatement (Second) Judgments § 24 (1980).

When analyzed in this light, it becomes apparent that the buyers state but a single claim for relief; at the core of all counts of their complaint is the allegation that sellers committed fraud or misrepresentation in inducement of the contract. Because of that fraud, buyers assert they sustained several elements of damages and they seek both equitable and legal relief. Thus, although the counter-claim is set out in different counts, the requests for rescission plus actual and consequential damages are so inextricably linked as to constitute a single claim for relief. *See Cole v. Peterson Realty Inc., supra; Robison v. Katz,* 94 N.M. 314, 610 P.2d 201 (Ct.App.1980); *Runyan v. Pacific Air Industries, Inc.,* 2 Cal.3d 304, 85 Cal.Rptr. 138, 466 P.2d 682 (1970).

Furthermore, where, as here, the same operative facts give rise to all counts, thereby constituting but a single claim, the demands for damages, even punitive damages pursuant to § 13–21–102, C.R.S., do not give rise to separate claims for the purposes of C.R.C.P. 54(b). *Harding Glass Co. v. Jones, supra; Troxel v. Town of Basalt, supra.*

Therefore, the certification of this ruling as final and appealable pursuant to C.R.C.P. 54(b) is error, and we are without jurisdiction to consider an appeal of the election order.

Appeal dismissed.

SMITH and KELLY, JJ., concur.