Alan E. CORPORON,
Plaintiff-Appellant,

v.

SAFEWAY STORES, INC., a Maryland corporation, and Max Garcia,
Defendants-Appellees.

No. 84CA0457.

Colorado Court of Appeals,
Div. I.

Aug. 22, 1985.

Rehearing Denied Oct. 10, 1985.

Carlyle V. Perry, William C. Hibbard, Steamboat Springs, for plaintiff-appellant.

Holland & Hart, Gregory A. Eurich, Kathryn E. Miller, Denver, for defendants-appellees.

PIERCE, Judge.

Plaintiff, Alan E. Corporon (Corporon), appeals from a trial court order dismissing three of his claims against defendants, Safeway Stores, Inc. (Safeway) and Max Garcia (Garcia). We affirm except as to one of the dismissals.

The record reveals that in August 1982, Garcia, an affirmative action representative for Safeway, conducted an investigation into allegations by other store employees that Corporon, in his capacity as the first assistant manager at a Safeway Store, was engaging in sexual harassment. As a result of Garcia's investigation, Corporon's employment with Safeway was terminated in September 1982.

Approximately a year later, Corporon filed an action against Safeway and Garcia, among other defendants. In his complaint, Corporon presents six "causes of action/claims for relief:" (1) defamation; (2) republication of the defamatory statements; (3) wrongful termination of employment; (4) interference with his implied contract of employment with Safeway; (5) outrageous conduct by defendants; and (6) punitive damages for the alleged publishing of the defamatory statements with reckless disregard for his feelings and his emotions.

The trial court dismissed Corporon's first claim pursuant to a motion for judgment on the pleadings based on a statute of limitations bar. Claims three and four were dismissed for failure to state a claim on which relief may be granted. Claims two, five, and six remain unlitigated. Corporon appeals the three dismissals.

Safeway and Garcia challenge Corporon's appeal on jurisdictional grounds. They maintain that the trial court's dismissals of only three of Corporon's six claims are not final judgments and are therefore not appealable under C.R.C.P. 54(b). We disagree.

I.

Defendants initially argue that the trial court had no jurisdiction to certify any issues for appeal under C.R.C.P. 54(b) because the certification was filed three days after filing of the notice of appeal. We decline to dismiss on that basis as it would result in unnecessary waste of judicial resources. *See In Re Marriage of Ross,* 670 P.2d 26 (Colo.App.1983).

We also do not agree with defendants that the dismissals lack finality because all of the claims remain pending with respect to other defendants. At the time of the dismissals, the trial court had proper jurisdiction based upon service of process over only these two defendants. Thus, the question of the claims pending against other defendants who may have been served since that time cannot properly be considered by us on this appeal. Furthermore, C.R.C.P. 54(b) expressly applies to judgments upon "multiple claims *or involving multiple parties*" (emphasis added).

C.R.C.P. 20(a) allows judgments "against one or more defendants according to their respective liabilities." Accordingly, as to Garcia and Safeway, we note that absent Corporon's specification of only joint liability, they are potentially jointly and severally liable. *See* Note, *Federal Rule 54(b): The Multiple Claims Requirement,* 43 Va.L.Rev. 229 (1957). To the extent this view may be inconsistent with *Turchick & Kempter v. Hurd & Titan Construction Co.,* 674 P.2d 969 (Colo.App. 1983), we decline to follow *Turchick.*

While the decision to certify an order or partial judgment under C.R.C.P. 54(b) is discretionary with the trial court, the court's decision regarding finality of its order on a claim for relief is reviewable by the appellate courts. *Moore & Co. v. Triangle Construction & Development Co.,*

44 Colo.App. 499, 619 P.2d 80 (1980); *see Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982).

 Before an appeal can be brought, all claims for relief in a case must be resolved by final judgment unless C.R.C.P. 54(b) or another rule or statutory section is applicable. *Alexander v. City of Colorado Springs,* 655 P.2d 851 (Colo.App.1982). By its own terms, C.R.C.P. 54(b) applies only to "multiple claims." Thus, a complaint asserting only a single legal right states only a single claim and is therefore not divisible for purposes of appeal. *Harding Glass Co. v. Jones, supra.* The crux of the issue before us is whether Corporon's complaint presents multiple claims or whether it states only a single claim with multiple grounds in support.

The specific question of what claims present separate and certifiable claims for relief has not been completely addressed in Colorado. *See Harding Glass Co. v. Jones, supra,* (n. 5). We have rulings which clarify the application of the rule in limited fact situations. For example, trial court determinations of liability only have been held not to constitute final resolution of a claim. *Ball Corp. v. Loran,* 42 Colo. App. 501, 596 P.2d 412 (1979). Also, adjudication of a damages claim without adjudication of the entire action has been held improperly certifiable. *Public Service Co. v. Linnebur,* 687 P.2d 506 (Colo.App.1984) (certiorari granted August 20, 1984); *see Harding Glass Co. v. Jones, supra.* However, a quiet title claim is separable from slander and defamation claims, and therefore, properly certifiable under C.R.C.P. 54(b). *Sisneros v. First National Bank,* 689 P.2d 1178 (Colo.App.1984). Similarly, a forcible entry and detainer action has been held to be a separate claim from the claim of damages and possession and, therefore, appealable under proper certification. *Sun Valley Development Co. v. Paradise Valley Country Club,* 663 P.2d 628 (Colo.App. 1983). We do not, however, have a comprehensive rule which covers the fact situation before us and several others.

The rulings of the federal courts are in complete disarray in their interpretation of Fed.R.Civ.P. 54(b). *See Messenger v. Main,* 697 P.2d 420 (Colo.App.1985); *Re-Pass v. Vreeland,* 357 F.2d 801 (3d Cir. 1966); *see generally* 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2657 (1983). At one extreme is the rule that a separate claim for purposes of Fed.R.Civ.P. 54(b) need not be entirely distinct from all the other claims in the action and need not arise from a different occurrence or transaction. *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); *Cold Metal Process Co. v. United Engineering & Foundary Co.,* 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956). At the other extreme, some federal courts have stated that variations in legal theory only will not be treated as separate claims. *Allegheny County Sanitary Authority v. United States Environmental Protection Agency,* 732 F.2d 1167 (3d Cir.1984); *Rabekoff v. Lazere & Co.,* 323 F.2d 865 (2d Cir.1963).

 Relying, in part, on federal interpretations of Fed.R.Civ.P. 54(b), we adopt a general rule which bridges both ends of the spectrum. It is an amalgamation of definitions adopted by the United States Court of Appeals for the Second Circuit. A "claim" is the aggregate of operative facts which give rise to a right enforceable in the courts, and the ultimate determination of multiplicity of claims rests on whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced. *See Backus Plywood Corp. v. Commercial Decal, Inc.,* 317 F.2d 339 (2d Cir.1963); *Rieser v. Baltimore & Ohio R.R. Co.,* 224 F.2d 198 (2d Cir.1955).

There is, however, no definitive test for determining when claims are separately enforceable so as to be appealable under C.R. C.P. 54(b), or when the complaint, though purporting to present multiple claims, in fact presents only one claim for relief.

Some courts have adopted a test which looks solely toward judicial economy. *Campbell v. Westmoreland Farm, Inc.,*

403 F.2d 939 (2d Cir.1968); *see Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Such a test, however, contributes little to making the issue of multiple claims clearer, nor does it lend any guidance to the practitioner because each case is determined more or less on an *ad hoc* basis.

■ We, therefore, adopt a more pragmatic test which follows the general rule expressed above: Claims for relief are "multiple claims" for purposes of C.R.C.P. 54(b) when a claimant pleads claims for which his possible recoveries are more than one and when a judgment rendered on one of his claims would not bar a judgment on his other claim(s). *See* Note, *Federal Rule 54(b): The Multiple Claims Requirement,* 43 Va.L.Rev. 229 (1957).

The operation of this test may be illustrated by consideration of a recent case of this court, *Messenger v. Main, supra.* There, the buyers requested both rescission of the contract and damages. This court dismissed their appeal of a trial court order requiring them to make an election, for failure to state multiple claims under C.R.C.P. 54(b). The buyers in *Messenger* did not have more than one possible recovery since they could either recover damages or receive rescission; a judgment on one naturally precluded a judgment on the other. Thus, unlike the case before us, multiple claims for purposes of C.R.C.P. 54(b) were not stated in *Messenger, supra.*

■ As applied here, this test indicates multiple claims are present because a judgment on any one of Corporon's claims does not bar a judgment on any one or all of the other claims. (The only exception here is that an award of exemplary damages is not a claim for relief which, under any test, could be properly certified as final under C.R.C.P. 54(b); *Harding Glass, supra.*)

Here, an adjudication of Corporon's defamation claim would not bar him from receiving a verdict on the republication claim since each defamatory statement upon a separate publication is a separate claim. *Walker v. Associated Press,* 160 Colo. 361,

417 P.2d 486 (1966); *Spears Free Clinic & Hospital for Poor Children v. Maier,* 128 Colo. 263, 261 P.2d 489 (1953).

Similarly, a judgment on either defamation claim would not bar a judgment on Corporon's wrongful termination claim, on his claim of interference with contract, or on his outrageous conduct claim, because each is a complete wrong standing alone. The same is thus true with respect to an adjudication as to any one or several of Corporon's claims in relation to his remaining claims.

Additionally, Corporon's possible recoveries under his five claims are more than one. For example, Corporon's possible damage recovery as a result of the alleged defamation differs from, and may be awarded in addition to, any damages resulting from, *e.g.,* the alleged wrongful termination. As another example, the basis for Corporon's possible damages resulting from the alleged republication of defamatory statements arguably differs from the basis of his injury which resulted from any outrageous conduct.

Although proof of such damages may be difficult and perhaps cumulative, in applying the test the important element to look for is the possibility of more than one recovery. Where such possibility exists, the test is met. Finding as we have that Corporon has stated multiple claims for purposes of C.R.C.P. 54(b), we accept as final the trial court's certification of the judgments dismissing the three claims and, therefore, consider the merits of Corporon's appeal.

## II.

Corporon contends that his third claim for relief for wrongful termination of employment should have survived defendants' C.R.C.P. 12(b)(5) motion to dismiss. We disagree.

In his complaint, Corporon alleged that: "Safeway was under a duty to deal fairly with [Corporon] in his employment [and that Safeway] breached its duty to [Corporon] by failing to follow the defendants' own personnel procedures relating

to 'progressive punishment' of an employee."

Corporon here contends that his allegations are within the rule presented in *Salimi v. Farmers Insurance Group*, 684 P.2d 264 (Colo.App.1984). We do not agree. Unlike the situation in *Salimi* where a breach of *contract* was alleged, Corporon alleges a breach of *duty of fair dealing*. Mention of a failure to follow personnel procedures alone is insufficient to come within the ambit of *Salimi*. Such an allegation of unfair dealing in a termination of an at-will contract, unlike an allegation of a breach of contract, does not state a claim for which relief can be granted under Colorado law. *Lampe v. Presbyterian Medical Center*, 41 Colo.App. 465, 590 P.2d 513 (1978); *see Corbin v. Sinclair Marketing, Inc.*, 684 P.2d 265 (Colo.App. 1984). Therefore, the trial court properly dismissed Corporon's third claim. C.R.C.P. 12(b)(5).

### III.

Corporon alleges that the trial court erred in dismissing his first claim for defamation. Again, we disagree.

Corporon's claim alleged that "defendants published or did cause to be published on or about August 25, 1982, until September 9, 1982, and at different times from then on, defamatory statements...." The trial court found that, inasmuch as Corporon's defamation allegation was set forth as a single claim, it must be presumed that the publication was put in circulation on August 25, 1982, and continued to circulate through September 9, 1982, and at different times from then on. Therefore, the trial court found that Corporon's claim of defamation accrued on August 25, 1982. Accordingly, it concluded that the filing against Safeway September 8, 1983, and against Garcia October 31, 1983, was untimely under the one-year statute of limitations, § 13–80–102, C.R.S.

Each publication of a defamatory statement must be pled as a separate claim. *Lininger v. Knight*, 123 Colo. 213, 226 P.2d 809 (1951). In addition, alleged defamation requires a certain degree of specificity, which is lacking here. *See Walters v. Linhof*, 559 F.Supp. 1231 (D.Colo. 1983); *Martinez v. Winner*, 548 F.Supp. 278 (D.Colo.1982). Corporon's complaint, in effect, alleges a continuous publication which began August 25, 1982, until sometime later. *See Spears Free Clinic v. Maier, supra*. Hence, the trial court properly dismissed his first claim based on the statute of limitations bar found in § 13–80–102, C.R.S.

We note parenthetically that the trial court properly refused to dismiss Corporon's second claim alleging republication of the defamatory statements.

### IV.

Corporon next argues that the trial court improperly dismissed his fourth claim for intentional interference with contract. Corporon admits that Safeway could not interfere with its own contract; thus, we need consider Corporon's allegation only as to Garcia. We agree with Corporon that his allegation should have survived a motion to dismiss based on C.R.C.P. 12(b)(5).

Garcia, although acting as an agent for Safeway, may be subject to liability for interfering with a contract between his principal and a third party. *See Trimble v. City & County of Denver*, 697 P.2d 716 (Colo.1985). Thus, accepting as we must, Corporon's averments as true, we conclude they are sufficient to state a claim of intentional interference with contractual relations. *See Memorial Gardens, Inc. v. Olympian Sales & Management Consultants, Inc.*, 690 P.2d 207 (Colo.1984); *McDonald v. Lakewood Country Club*, 170 Colo. 355, 461 P.2d 437 (1969). We, therefore, reverse this portion of the trial court's judgment.

The judgment is reversed as to dismissal of Corporon's fourth claim, the remainder of the judgment is affirmed.

BERMAN, J., concurs.

STERNBERG, J., concurs in part and dissents in part.

STERNBERG, Judge, concurring in part and dissenting in part.

With respect to Part I of the majority opinion, I agree with the holding that the appeal is cognizable under C.R.C.P. 54(b), but do not agree with the analysis of the majority opinion in that regard. I concur with Parts III and IV of the opinion but I disagree with, and respectfully dissent from, Part II thereof.

With respect to the 54(b) issue, I agree with the majority that a definition of what is a claim, for purposes of C.R.C.P. 54(b) is elusive; however, I do not understand either the need to manufacture a comprehensive rule in this case, or the rule propounded by the majority.

Although there are common questions of fact with otherwise distinct claims presented in this appeal, that in itself is insufficient to preclude 54(b) certification. *Harding Glass Co., Inc. v. Jones*, 640 P.2d 1123 (Colo.1982). Also, the plaintiff has not merely alleged alternative legal theories as the basis for liability when the underlying facts permit only a single recovery. *See Harding Glass Co. v. Jones, supra* (n. 5); *Messenger v. Main*, 697 P.2d 420 (Colo.App.1985); *Troxel v. Town of Basalt*, 682 P.2d 501 (Colo.App.1984). Instead, the plaintiff has asserted claims which do stem from the same basic facts, but which are nonetheless independent claims for relief with remedies that are not mutually dependent or exclusive. And, the underlying purpose for C.R.C.P. 54(b) is not thwarted by allowing this review, because review of the certified claims would not be rendered moot by subsequent developments in the trial court.

Therefore, I would hold, as does the majority, that the trial court properly certified as final for the purpose of appellate review the claims appealed; however, I believe the rule propounded by the majority does not serve to dispel the confusion that exists in applying C.R.C.P. 54(b).

In Part II of the majority opinion it is held that the third claim for relief, that alleging wrongful termination of employment, was properly dismissed on defendant's C.R.C.P. 12(b)(5) motion. I do not agree with this conclusion.

The plaintiff alleged not only a lack of fair dealing, but also wrongful termination of an employment contract. The trial court found no wrongful termination because there was no specific term of the contract that could be the basis of the claim. In my view, the trial court erred in requiring proof of a specific term of employment as a predicate to an action for breach thereof. The indefiniteness of a contract alone does not mean that there can be no liability for breach. *Salimi v. Farmers Insurance Group*, 684 P.2d 264 (Colo.App.1984).

For this reason I would reverse the trial court on its dismissal of plaintiff's third claim for relief and would remand that claim for trial.